No. 47,902

JOHN ROBERT DECKER, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

(548 P. 2d 489)

Opinion filed April 10, 1976.

*Kenneth M. Carpenter*, of Topeka, argued the cause, and was on the brief for the appellant.

*Gene M. Olander*, district attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

*Per Curiam:* The appellant was seventeen years of age when he was sentenced on June 8, 1973, after pleading guilty to six felony counts of forgery in the Shawnee county district court. The district court's exercise of jurisdiction arose from juvenile court findings under K. S. A. 38-808 (*b*) and certification of the appellant as an adult to be prosecuted under applicable criminal statutes.

The appellant was represented by counsel at all stages of the proceedings in both the juvenile and district courts. No appeal was taken from the judgment of conviction and neither the action of the juvenile court nor the ensuing proceedings in the district court have been challenged in any way until the filing of appellant's motion under K. S. A. 60-1507, which provides the basis for the present review.

In his motion for post-conviction relief appellant simply states that he was "improperly certified as an adult, in a proceeding in Juvenile Court." The district court, in passing on the motion, took judicial notice of the juvenile court records and denied the motion on the ground that the juvenile court findings were sufficient under the statute.

There are two questions upon which turns the propriety of the action of the court below. They are: (1) Can the appellant's statement that he was improperly certified as an adult be considered as presenting a question of the constitutionality of the juvenile court's action, and (2) if so, did the district court have sufficient information through the juvenile court records, of which it took

judicial notice, to justify resolving the issue conclusively against the appellant?

Saying merely that the appellant was improperly certified as an adult in a proceeding in juvenile court does not state any claim of denial of a due process right which could provide a remedy by way of collateral attack under K. S. A. 60-1507. The requirement of the section and of supreme court rule No. 121 for a concise statement of grounds supporting a claim of sentence invalidity is clear. The petitioner did not indicate in his motion the basis for his conclusory and nonfactual statement of "improper certification." Actually the trial court was over-liberal in considering the motion sufficient to invoke the jurisdiction of the court at all.

The trial court did, in fact, give the petitioner a hearing on his motion, and the petitioner in his statement of points on appeal does not complain of a lack of hearing. He complains that "the court erred in denying the petitioner's collateral attack to the proceedings in the juvenile court." The trial court had before it the juvenile court records, took judicial notice of them, found the proceedings to have been regular, and found in effect the presence of the petitioner to be unnecessary in view of the conclusiveness of the juvenile court records.

Even if we were to consider the motion sufficient to present a proper basis for collateral attack upon the sentence and to justify a review by this court, the record really presents nothing for review as the juvenile court proceedings, of which the trial court took judicial notice, are not included in the appellate record. The appellant is asking us to review the propriety of the trial court's findings without supplying an adequate record on appeal. On this record we must accept the judgment of the trial court and indulge the presumption that the juvenile court records show the fact of a hearing by the juvenile court under K. S. A. 38-808 (b) and substantial evidence before that court to support the juvenile court waiver of its jurisdiction over the minor defendant.

For the reasons stated the judgment of the district court is affirmed.