No. 57,848

STATE OF KANSAS, *Appellee*, v. JAMES SALVATORE LOWE, *Appellant*.

(715 P.2d 404)

Opinion filed February 21, 1986.

*James F. Vano*, of Overland Park, argued the cause and *David R. Gilman*, of Overland Park, was with him on the brief for appellant.

*Bruce W. Beye*, assistant district attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Dennis W. Moore*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: James S. Lowe appeals from his conviction by a jury of one count of misdemeanor theft (K.S.A. 1985 Supp. 21-3701). Lowe was acquitted of a second charge alleging burglary (K.S.A. 21-3715).

The facts as shown at trial were mainly undisputed. On the evening of January 3, 1984, a young man was observed entering the garage of the Lange residence in Overland Park, Kansas. This observation was made by Calvin Roberts, a neighbor, who alerted the Langes and the police. Roberts then emerged from his home and frightened the culprit away, but not until he had made off with five 12-packs of beer, a bottle of wine, and a yellow plastic trash can. A short time later, a police officer spotted Lowe, who matched the description provided by Roberts, and stopped him. When questioned, he identified himself as James S. Lowe, born in August of 1966. He, therefore, was seventeen years old at the time. Investigation of the surrounding area revealed the stolen property lodged in a snow drift. Lowe was then placed under arrest, informed of his *Miranda* rights and further of his right as a juvenile to have his parents present during any questioning. After being advised of his rights, Lowe agreed to talk to police, and subsequently confessed he had taken the items although he denied entering the garage and maintained the goods had been found in the driveway. Lowe was then charged with one count of burglary and one count of misdemeanor theft. Lowe had previously been before the juvenile division of the Johnson County District Court in two separate actions wherein

he had been adjudicated as having committed acts which would be felony theft (March 1983) and aggravated battery (June 1983) if he were an adult.

Appellant's first point on appeal, which he raised repeatedly in the trial court, is an attack upon the jurisdiction of the court to commence proceedings against him other than under the Kansas juvenile offenders code, K.S.A. 1985 Supp. 38-1601 *et seq.* K.S.A. 1985 Supp. 38-1602 provides in pertinent part:

"**38-1602. Definitions.** (a) 'Juvenile' means a person 10 or more years of age but less than 18 years of age.

(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 and amendments thereto or who violates the provisions of K.S.A. 41-715 or 41-2721, and amendments thereto, but does not include:

. . . .

(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

Thus, it is obvious that appellant at the time of his arrest was a juvenile as defined in the Kansas juvenile offenders code, but not a juvenile offender by reason of the exception in K.S.A. 1985 Supp. 38-1602(b)(3). In K.S.A. 1985 Supp. 38-1636, a procedure is provided by which any juvenile 16 years of age or older may be tried as an adult upon a proper showing and a waiver of jurisdiction by the court to proceed against the juvenile as a juvenile offender. It is appellant's position that he should have first been charged as a juvenile offender under the juvenile offenders code and then upon a proper showing under the procedure of K.S.A. 1985 Supp. 38-1636 the judge of the juvenile division of the district court could authorize his prosecution as an adult. It is the position of the State that as appellant was not a juvenile offender as defined in the juvenile offenders code, due to the exception set forth above, the court properly had jurisdiction to proceed directly against appellant under the Kansas Criminal Code, K.S.A. 21-3101 *et seq.*, and the Kansas code of criminal procedure, K.S.A. 22-2101 *et seq.*, and lacked jurisdiction to proceed under the juvenile offenders code.

No procedure is contained in the juvenile offenders code for making any jurisdictional showing under the exceptions found in

K.S.A. 1985 Supp. 38-1602(b)(1) thru (6). It has been recognized, and Lowe does not question, that the legislature may exclude any person from juvenile jurisdiction under certain circumstances. *Le Vier v. State*, 214 Kan. 287, 292, 520 P.2d 1325 (1974). At the time of the filing of the original complaint, the State attached an affidavit setting forth the necessary allegations to show probable cause for the issuance of a warrant and, in addition, included statements as to the two prior juvenile offender adjudications and attached copies of the journal entries of adjudication in those proceedings. The affidavit and journal entries have not been included in the record on appeal. In a motion prior to trial attacking the jurisdiction of the court to hear the criminal charges against Lowe, the court appears to have taken judicial notice of its own records, including the juvenile proceedings, and denied the motion. During trial no further attempt was made by the State to prove that appellant was subject to the Kansas code of criminal procedure and Kansas Criminal Code by reason of the exception in K.S.A. 1985 Supp. 38-1602(b)(3). At the end of the State's case and again at the end of trial, the question of the court's jurisdiction was raised by the appellant.

At common law, criminal responsibility for acts committed by children depended upon the age of the offender. Children under the age of 7 were conclusively presumed incapable of crime; those between 7 and 14 were rebuttably presumed incapable; and those 14 or over were presumptively capable. 21 Am. Jur. 2d, Criminal Law § 38. This common-law rule with respect to criminal liability of children has been legislatively altered in Kansas and in most, if not all, other states. The legislature has determined that juveniles, who would otherwise be subject to the juvenile offenders code, under certain circumstances are not subject to that code. Here, because of his prior adjudications, Lowe clearly had no "juvenile offender" status; therefore, the court lacked jurisdiction to proceed under the juvenile offenders code in this case. Essentially what the defendant asks this court to do is to allow the district court to proceed under a facade of jurisdiction under the juvenile offenders code, only to determine it lacked jurisdiction initially. The circular nature of this approach would serve only to place the litigants back at square one. We think it is clear that the court proceeded properly in this case and there was nothing further required of the State to show the

jurisdiction of the court. The procedure of the State, while not necessarily exclusive, of incorporating the proper jurisdictional allegations in an affidavit supported by proof of the prior adjudications was sufficient. Appellant also asserts error in that the court took judicial notice of its own records without advance notice being given pursuant to K.S.A. 60-409. While the record in this respect is not clear, we have no hesitancy in holding there was no error in the court's consideration of the prior juvenile proceedings in this case. See 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-409 (1979); *Decker v. State*, 219 Kan. 416, 548 P.2d 489 (1976). We conclude the court properly had jurisdiction from the outset.

The second issue raised by Lowe is whether the trial court violated the Fifth Amendment prohibition against double jeopardy by dismissing a charge and then ordering it reinstated. Late in the afternoon on the first day of trial the prosecution rested its case and appellant then made several motions attacking jurisdiction, seeking a mistrial and seeking an acquittal for insufficient evidence. Although the court appeared to overrule the motions, it then went on to state:

"Now, the Court has very serious and grave concern about whether there has been any evidence whatsoever to support Count II of the Information of the Complaint charging theft, all of the elements having been established sufficient to go to a jury. The Complaint states and alleges that the defendant took property belonging to a Mike E. Lange. The only testimony before this Court is that this beer was in the home—was in the Lange home the week previous or sometime previous for some kind of a company party. There's no testimony whatsoever that this—any of the items alleged to be taken were the ownership of Mr. Lange or any other person. Mrs. Lange testified only concerning the trash can—the plastic trash can, or receptacle, and nothing as to ownership of that trash receptacle. Therefore, the Court on its own motion is dismissing Count II of the Complaint."

After further argument and a request for clarification by the prosecution, court was recessed until the following morning. All of the proceedings on defendant's various motions took place outside the presence of the jury, which was never advised of the court's decision to dismiss the theft count. The next morning, prior to the resumption of trial and outside the presence of the jury, the court reversed itself and ordered the theft count reinstated. Ultimately the defendant was acquitted on the burglary count and found guilty of theft. Lowe now complains the trial court's reinstatement of a charge it had ordered dismissed after the presentation of evidence violated the prohibition against

double jeopardy. Our first inquiry is whether the court's action was properly termed a dismissal or whether its order was actually a judgment of acquittal.

In support of his position, Lowe relies on *State v. Whorton*, 225 Kan. 251, 589 P.2d 610 (1979), wherein the trial court sustained a defense motion to dismiss partially through the testimony of the State's first witness. The State appealed and the court held that in dismissing the action the trial court had resolved factual issues and, therefore, although characterized as a dismissal, the trial court's action was actually a judgment of acquittal. The court stated:

"A judgment of acquittal was last defined as 'a resolution, correct or not, of some or all of the factual elements of the offense charged.' *United States v. Scott*, 437 U.S. 82, 97, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978). Furthermore, a trial judge's characterization of his own action does not control the classification of the action. *United States v. Scott*, 437 U.S. at 96; *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977); *United States v. Wilson*, 420 U.S. 332, 336, 43 L. Ed. 2d 232, 95 S. Ct. 1013 (1975); *United States v. Jorn*, 400 U.S. 470, 478 n. 7, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971). Finally, it has been held where a motion to dismiss challenges the sufficiency of the evidence, the proper motion should be for a judgment of acquittal. See *United States v. Ambers*, 416 F.2d 942 (5th Cir. 1969), *cert. denied*, 396 U.S. 1039 (1970)." p. 254.

In addition, K.S.A. 22-3419(1) provides:

"**22-3419. Motion for judgment of acquittal.** (1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right."

A judgment of acquittal was defined in *United States v. Scott*, 437 U.S. 82, 97, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978), as "a resolution . . . , correct or not, of some or all of the factual elements of the offense charged." The trial court clearly stated that the basis for his "dismissal" was a lack of evidence to support the theft charge. We have no difficulty in finding that the trial court's action constituted an acquittal of the charge of theft even though it was not stated in those precise terms.

The more difficult question is whether, under the facts in this case, the court could reinstate the theft charge without violating

appellant's double jeopardy rights under the Constitution and statutes. In *Whorton* we stated:

"Finally we note a judgment of acquittal, correctly or incorrectly arrived at, terminates the prosecution, and the double jeopardy clause of the Fifth Amendment bars further proceedings against the defendant." 225 Kan. at 255.

The State contends the trial court's action did not violate the rule against double jeopardy since only one criminal proceeding was involved and there was no subsequent prosecution. The State relies upon language in *City of Overland Park v. Barron*, 234 Kan. 522, 672 P.2d 1100 (1983), which reads:

"[T]he defendant was not subjected to double jeopardy . . . because there was never a termination of one trial and commencement of a second trial. K.S.A. 21-3108, which pertains to the subject of double jeopardy in criminal proceedings, clearly requires a termination of one trial and the commencement of a second trial in order for double jeopardy to exist." p. 528.

The facts in *Barron* involved the continuance of a criminal trial in a municipal court proceeding which the defendant alleged constituted double jeopardy. The actual decision in *Barron* was a determination that the defendant failed to file a timely appeal to the district court and therefore it and this court lacked jurisdiction to hear the matter. The appeal was dismissed. The language relied on by the State is dicta and merely an abstract statement of law asserting the proposition that a trial may properly be continued indeterminately without raising a double jeopardy issue. The parties have cited no decisions, and our research has disclosed none, which specifically addresses the point now before the court. The Fifth Amendment provides no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." The clause prevents a defendant who has been acquitted of a charge from being subjected to further prosecution. *Bullington v. Missouri*, 451 U.S. 430, 68 L. Ed. 2d 270, 101 S. Ct. 1852 (1981). Most, if not all, cases in which double jeopardy has been found to be a bar involve factual circumstances where the first prosecution has been *terminated* after it has proceeded to the point where the defendant was placed in jeopardy and the prosecution subsequently attempts to initiate new or additional proceedings based upon the same facts.

The philosophy behind the double jeopardy clause was described in *Green v. United States*, 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 78 S. Ct. 221 (1957), wherein the court stated:

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." pp. 187-88.

K.S.A. 21-3108 provides in part:

"**21-3108. Effect of former prosecution.** (1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction."

Thus, it is usually contemplated that before double jeopardy attaches there must have been a former prosecution which was terminated after jeopardy attached. Here we have a short delay before resumption of the same proceedings upon the original charges without any other proceedings, other than the argument for acquittal, the judge's "dismissal" of the theft count and its subsequent reinstatement. In *State v. Fisher*, 233 Kan. 29, 661 P.2d 791 (1983), we held:

"Three elements must be present to bar a subsequent prosecution under the first portion of K.S.A. 21-3108(2)(a): First, the prior prosecution must have resulted in a conviction or an acquittal; second, evidence of the present crime must have been introduced in the prior prosecution; and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case." Syl. ¶ 2.

In the instant case the burglary charge remained after the court's statement and all parties understood that the trial would resume the next morning in the same manner as if the theft charge had not been "dismissed." Appellant has not shown that his trial strategy was affected or altered by the court's ruling and has shown no prejudice to his ability to proceed with the trial on both counts. If the judge had changed his mind within moments of his initial decision and while all parties were still present before the court, we doubt that the issue would be before us and, if so, we would have no hesitancy in holding that the judge's immmediate reversal of a prior trial ruling did not constitute error and that double jeopardy did not attach to further trial proceedings. On the other hand, if the only count against the appellant had been the theft count and the parties had departed for the night then, under the facts of this case, the court's ruling would have terminated the proceeding and it could not have

been resumed the next day. To hold that because there was another count requiring additional proceedings this case was not finally terminated as to the theft count may appear inconsistent but it does not invoke the constitutional or statutory bar against double jeopardy as there was no final termination of the trial and no second attempt at prosecution. We hold that, under the facts of this case, where the proceedings were not terminated, no intervening proceedings took place before the jury, and no prejudice to the defendant's ability to proceed on both counts has been shown, double jeopardy did not bar resumed prosecution of the theft count. If the court had merely stated that it was going to take the matter under advisement and then ruled the next morning, as it did here, there would be no error and the appellant would have been in the identical situation as resulted in this case. We find no error.

The third issue raised is whether the trial court erred when it denied the appellant's request for a mistrial.

At the time appellant was stopped by the police officers, he was advised of his *Miranda* rights, waived his rights and admitted taking the items which were allegedly removed from the Lange garage, although he denied having entered the garage, stating that he found the items on a driveway. Officer Owens testified to the above statements at trial. During the course of further direct examination, the prosecutor asked the officer if a written statement was taken from Mr. Lowe. The officer replied that Lowe would not give a written statement. At this point defense counsel objected and moved for a mistrial which was denied.

On appeal, Lowe claims Officer Owen's statement was an improper infringement on his Fifth Amendment right against self-incrimination and his right to remain silent and that he was entitled to a mistrial. Appellant asserts that the evidence was introduced by the prosecution in an effort to prejudice him and to create an improper inference of guilt in violation of his constitutional right to remain silent. No improper motive or conduct on the part of the prosecutor is reflected by the record and it is our opinion the court did not abuse its discretion in denying the motion for mistrial.

In *Griffin v. California*, 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965), the court faced the issue of whether the prose-

cutor and/or court could comment regarding the accused's silence. The court held that the Fifth Amendment forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt. See also *State v. Reeves*, 224 Kan. 90, 577 P.2d 1175 (1978), and K.S.A. 60-439. While it would have been preferable if the question had not been asked of the officer, we fail to see any violation of appellant's constitutional rights. After being fully advised of his rights under *Miranda*, appellant chose to discuss the alleged crime with the officer and freely did so. Never did he indicate that he wanted to invoke his right to remain silent and nowhere does it appear that his refusal to give a written statement was any attempt to invoke such rights. Further, after examining the record, it does not appear the questions during direct examination were directed toward the defendant's silence, but were a follow-up to the previously discussed oral confession. No violation of the defendant's Fifth Amendment right occurred. The declaration of a mistrial is a matter which lies within the sound discretion of the trial court. *State v. Falke*, 237 Kan. 668, 703 P.2d 1362 (1985). Discretion is abused only when no reasonable man would take the view adopted by the trial court; if reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion. *State v. Galloway*, 238 Kan. 415, 710 P.2d 1320 (1985). We find no such abuse here.

The final issue on appeal is whether certain testimony adduced at trial was hearsay. During direct examination of Officer Owen the following exchange occurred:

"Q.   Did you have occasion to show these items [exhibits 1 through 7] to Mr. and Mrs. Lange?
"A.   Yes, sir.
"Q.   Did either Mr. or Mrs. Lange, both of them, ever identify these?
"A.   Mr. Lange identified them.
      MR. GILMAN: Judge, I'll object to that as hearsay; ask that it be stricken. Further, ask that counsel instruct his witness that Mr. Lange isn't here and they are not to put in what he told them.
      THE COURT: This is a result of his investigation. Overruled."

The items referred to were those allegedly taken from the Lange garage.

Appellant claims the above testimony is hearsay, was improperly admitted, and prejudiced him. K.S.A. 60-460 excludes hear-

say evidence from admissibility except under the circumstances found in subsections (a) thru (dd). The above colloquy obviously falls within the definition of hearsay as Mr. Lange's out-of-court identification was introduced to prove the items in evidence were those taken from his garage. Further, none of the exceptions set forth in K.S.A. 60-460 applies to the testimony elicited here. The admission of the officer's hearsay testimony was error. However, such error does not necessarily require the granting of a new trial. We have repeatedly held errors which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, when substantial justice has been done, do not require reversal. *State v. Mitchell*, 234 Kan. 185, 196, 672 P.2d 1 (1983). In the present case the prosecution presented direct testimony by Mrs. Lange with respect to the identity of the stolen items recovered at the time of Lowe's arrest. She stated that exhibits 1 thru 7 were the items which were taken from her garage. Any prejudice which could have resulted from the admission of the hearsay testimony of Officer Owen was harmless error at best in view of the prior testimony of Mrs. Lange.

The judgment is affirmed.

HERD, J., dissenting: I disagree with the majority determination that appellant was not placed in double jeopardy on the theft count of the complaint. The trial judge, on his own motion, dismissed Count II of the complaint. His action ended the prosecution on that count. Dismissal is tantamount to a directed verdict of acquittal. *State v. Whorton*, 225 Kan. 251, 589 P.2d 610 (1979). When the trial court reconsidered its decision of the previous day and revived the dismissed count, it was putting the defendant on trial for a second time upon a criminal charge for which he had been acquitted the day before. That is double jeopardy. I would reverse.