No. 59,746

JAMES SALVATORE LOWE, *Appellant.* v. STATE OF KANSAS, *Appellee.*
(744 P.2d 856)

Opinion filed October 30, 1987.

*James F. Vano,* of Overland Park, argued the cause and was on the brief for appellant.

*Bruce W. Beye,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J: This case comes before the court on a petition for review of an unpublished decision of the Court of Appeals which affirmed the trial court's denial of petitioner's K.S.A. 60-1507 motion. (See *Lowe v. State,* No. 59,746, filed June 4, 1987.) Appellant, James Salvatore Lowe, was originally charged with one count of burglary (K.S.A. 21-3715) and one count of misdemeanor theft (K.S.A. 1986 Supp. 21-3701). He was convicted by a jury of the theft charge and that conviction was affirmed by this court in a direct appeal in *State v. Lowe,* 238 Kan. 755, 715 P.2d 404 (1986).

The facts leading to appellant's original conviction are fully set forth in *State v. Lowe* and need not be repeated here. Only the procedural aspects of the original trial are germane to the issue now before the court. In the original trial, the State rested its case late in the afternoon at which time motions were heard outside the presence of the jury in the court's chambers. The petitioner's motion to dismiss for lack of subject matter jurisdiction and a renewal of an earlier motion for mistrial were both denied.

However, the court, on its own motion, dismissed the charge of misdemeanor theft, finding insufficient evidence to support the charge. The following morning, again in the court's chambers and outside the presence of the jury, the judge reversed his earlier ruling and reinstated the theft charge. Petitioner's counsel objected, arguing such reinstatement violated the Fifth Amendment prohibition against double jeopardy. The trial on both charges then resumed and the jury acquitted the petitioner on the burglary charge but found him guilty of theft.

In *State v. Lowe,* we affirmed the conviction and held the double jeopardy clause had not been violated, with Justice Herd dissenting. In that decision, rendered February 21, 1986, we stated:

"We hold that, under the facts of this case, where the proceedings were not terminated, no intervening proceedings took place before the jury, and no prejudice to the defendant's ability to proceed on both counts has been shown, double jeopardy did not bar resumed prosecution of the theft count. If the court had merely stated that it was going to take the matter under advisement and then ruled the next morning, as it did here, there would be no error and the appellant would have been in the identical situation as resulted in this case. We find no error." 238 Kan. at 763.

We also found that the court's dismissal of the theft charge constituted an acquittal, stating:

"We have no difficulty in finding that the trial court's action constituted an acquittal of the charge of theft even though it was not stated in those precise terms." 238 Kan. at 760.

Appellant's K.S.A. 60-1507 motion, and his appeal from the denial of that motion, are based upon the decision of the United States Supreme Court in *Smalis v. Pennsylvania,* 476 U.S. 140, 90 L. Ed. 2d 116, 106 S. Ct. 1745 (1986), decided May 5, 1986, subsequent to our decision in *State v. Lowe.*

In *Smalis,* a husband and wife, who owned a building housing a restaurant and apartment, were charged with various crimes in connection with a fire in the building. At the close of the prosecution's case in chief, the defendants challenged the sufficiency of the evidence by filing a demurrer. The trial court sustained the demurrer, saying it was not satisfied there was sufficient evidence from which it could be concluded that either of the defendants were guilty beyond a reasonable doubt. The

issue was whether the State's attempt to appeal that decision would violate the double jeopardy clause. The Superior Court of Pennsylvania granted review, affirmed the trial court, and held the appeal was improper as it was barred by the double jeopardy clause. *Com. v. Smalis,* 331 Pa. Super. 307, 480 A.2d 1046 (1984). In a consolidated appeal by the Commonwealth, the Supreme Court of Pennsylvania reversed, finding no double jeopardy violation. *Com. v. Zoller,* 507 Pa. 344, 490 A.2d 394 (1985). The United States Supreme Court granted certiorari and reversed the Pennsylvania Supreme Court.

In *Smalis,* the Supreme Court found first that sustaining a demurrer is an acquittal under the double jeopardy clause. Second, the Court rejected the Commonwealth's argument that resuming the trial following a reversal on appeal would simply constitute "continuing" jeopardy, and found an acquittal terminated the proceeding. The Court stated:

"Thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. *Arizona v. Rumsey,* 467 U.S. 203, 211-212, 81 L. Ed. 2d 164, 104 S. Ct. 2305 (1984).

"When a successful postacquittal appeal by the prosecution would lead to proceedings that violate the Double Jeopardy Clause, the appeal itself has no proper purpose. Allowing such an appeal would frustrate the interest of the accused in having an end to the proceedings against him. The Superior Court was correct, therefore, in holding that *the Double Jeopardy Clause bars a postacquittal appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into 'further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged.' Martin Linen,* [430 U.S.], at 570, 51 L. Ed. 2d 642, 97 S. Ct. 1349.

"We hold, therefore, that the trial judge's granting of petitioners' demurrer was an acquittal under the Double Jeopardy Clause, and that the Commonwealth's appeal was barred because reversal would have led to *further trial proceedings."* (Emphasis added.) 476 U.S. at 145-46.

The key language in *Smalis,* that a postacquittal appeal is barred by the double jeopardy clause "if reversal would translate into 'further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged' ", is derived from *United States v. Jenkins,* 420 U.S. 358, 370, 43 L. Ed. 2d 250, 95 S. Ct. 1006 (1975), and was quoted with approval in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570,

51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977). The Kansas Court of Appeals distinguished the instant case, stating:

"In *Smalis*, *Martin Linen Supply Co.*, and *Jenkins*, however, the reversal required new trials, proceedings of much greater significance than what occurred in the present case. The prosecution would have had an opportunity to present new or additional evidence against the defendants. In the case before us no additional evidence was presented. Here, the jury was instructed, closing arguments were heard, and the case was given to the jury."

We do not find the distinction valid. It appears clear *Smalis* requires that we overrule our decision in *State v. Lowe* and that we reverse the instant case. It is conceded that in the present case jeopardy had attached in the original trial and the dismissal constituted an acquittal of the theft charge. The reinstatement of the theft charge the next day and its submission to the jury constituted "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged" which, under *Smalis*, constituted a violation of the prohibition against double jeopardy.

Our decision in *State v. Lowe*, 238 Kan. 755, is overruled; the decisions of the Court of Appeals and the district court are reversed and the case is remanded to the district court with directions to set aside the appellant's conviction.