No. 66,836

STATE OF KANSAS, *Appellee,* v. CRAIG RYAN SHELTON, *Appellant.*

(845 P.2d 23)

Opinion filed January 22, 1993.

*Rebecca E. Woodman,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Ellen Mitchell,* assistant county attorney, argued the cause, and *Julie McKenna,* county attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Craig Ryan Shelton appealed from his convictions of aggravated battery against a law enforcement officer, K.S.A. 21-3415, a class B felony, and aggravated escape from custody, K.S.A. 21-3810, a class E felony. In an unpublished opinion, the Court of Appeals found the trial court lacked jurisdiction to try Shelton as an adult and reversed and remanded the case. We granted the State's petition for review. We reverse the Court of Appeals, affirm the district court, and remand the case to the Court of Appeals for further proceedings.

The factual background for this case follows. In early December 1990, Shelton, then 17 years of age, was one of three residents at the Saline County Juvenile Detention Center (Center). Shelton

was being held at the Center while he awaited sentencing in Case No. 90CRM1038 where he had pled guilty to one count of burglary, K.S.A. 1991 Supp. 21-3715(1), a class D felony; one count of theft, K.S.A. 21-3701, a class E felony; and one count of misdemeanor theft.

At approximately 7:00 p.m. on December 8, 1990, the sheriff's office received word there was an emergency at the Center. Several officers were dispatched to the Center. Upon entering the building, the officers discovered the uniformed officer in charge had been sprayed with a fire extinguisher, hit on the head, handcuffed, and locked in a bedroom by two of the juveniles living in the Center. A part-time deputy and another juvenile resident were locked in another bedroom. Shelton ran out of the building when the officers arrived, but was soon apprehended.

Shelton was tried by a jury and found guilty of aggravated battery against a law enforcement officer and aggravated escape from custody. Following the trial, Shelton moved for arrest of judgment, judgment of acquittal, and new trial. In his motion for arrest of judgment, Shelton argued the trial court was without jurisdiction because the State had failed to present evidence at trial establishing he was subject to the criminal code rather than the juvenile offenders code.

The trial court took up all three of these motions at the same hearing. First, the trial court heard arguments on the motion for arrest of judgment. During those arguments, the prosecutor stated: "We specified in the complaint/information that the person is before the District Court pursuant to having been previously adjudicated a juvenile offender on two prior occasions and being past the age of 16." Based in part upon this statement, the trial court denied the motion.

The trial court also heard arguments on the motions for judgment of acquittal and for new trial. Both were denied. At the same hearing, the trial court proceeded to sentence Shelton.

First, Shelton's attorney was allowed to address the court. He stated in part:

"Yes, sir. Thank you, Your Honor. The court has before it an eighteen year old young man, Craig Shelton, who was in the custody of the Saline

County Sheriff at the time of this offense for sentencing in this court last December.

"The court is familiar with the background and prior record of this defendant from the sentencing in December and I won't elaborate on those facts, as I am sure the court is familiar with them."

After hearing from Shelton's attorney and the State, the court addressed Shelton. The court stated in part:

"Now, in approaching this important responsibility, Mr. Shelton, I have again reviewed the presentence investigation report relating to your earlier convictions where you pleaded guilty to one count of felony theft and one count of burglary and one count of misdemeanor theft in connection with a co-defendant, Todd Einfeldt. You're aware of these circumstances, of course.

. . . .

"Your prior record consists of a number of juvenile activities, such as forgery, burglary and theft, violation of probation, run away. You are accused of perjury and intimidation of a witness, aggravated battery, charges pending against you in McPherson at the time of your earlier sentencing for two counts of burglary, one count of misdemeanor theft and one count of attempted burglary, one count of possession of burglary tools, three counts of misdemeanor criminal damage to property, two counts of misdemeanor theft. This court, of course, has an obligation to consider the record in its entirety and that's what the record says about you. And I'm not talking about the present case, I'm speaking of your past record, of which you are acutely aware.

"The earlier report mentions your being sent to the Atchison Youth Center in 1986 due to criminal activity. After facing criminal charges, you were ordered to return to the Youth Center of Topeka, but absconded before doing so. The earlier report mentioned both Marion and McPherson Counties charging you as an adult. And at that time, the Saline County Attorney had already indicated that charges of aggravated escape from custody and aggravated assault on a law enforcement officer would be pursued against you. . . .

. . . .

"The summary section of that earlier case mentions that your conduct had become symptomatic of a pattern of behavior. That you were only seventeen years old and yet appearing before the court as an adult, with pending charges in Marion and McPherson Counties as an adult. . . . '

. . . .

"The prior record section of the report relating to this current case refers back to the earlier report, which I've already quoted and mentions your having been sentenced to one to five years imprisonment on the felony counts in that case. And six months confinement in the County Jail on the misdemeanor case. All sentences being ordered to run concurrently.

"It mentions the charges pending in Marion County, aggravated intimidation of a witness and battery. And charges still pending in McPherson County."

The trial court sentenced Shelton to 10 to 20 years on the aggravated battery charge and 1 to 5 years on the aggravated escape charge, with the sentences to run concurrently. The sentence in this case is to run consecutively to the sentence Shelton had previously received in Case No. 90CRM1038.

Shelton took a direct appeal to the Court of Appeals. The Court of Appeals held the trial court lacked jurisdiction to try Shelton as an adult. It stated in part:

"The record is silent as to whether Shelton had previously been 'adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult.' K.S.A. 1991 Supp. 38-1602(b)(3). He was convicted of two felonies in a prior proceeding but the record does not demonstrate a second *separate* proceeding to exclude him from juvenile offender status. Moreover, there is no indication in the record that the court took judicial notice of any prior proceedings. It is not the function of this court to scrape together jurisdictional elements. The State failed to make the necessary showing on the record to support the exercise of jurisdiction over Shelton as an adult.

"Reversed and remanded with instructions to vacate the sentences."

We granted the State's petition for review on the sole issue of whether the trial court had jurisdiction to try Shelton as an adult. The rules governing whether a juvenile is subject to the juvenile offenders code are found in K.S.A. 1991 Supp. 38-1602, which provides in pertinent part:

"(a) 'Juvenile' means a person 10 or more years of age but less than 18 years of age.

"(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 and amendments thereto or who violates the provisions of K.S.A. 41-727 or subsection (j) of K.S.A. 1989 Supp. 74-8810, and amendments thereto, *but does not include:*

. . . .

(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged;

(4) a person who has been prosecuted as an adult by reason of subsection (b)(3) and whose prosecution results in conviction of a crime." (Emphasis added.)

In *State v. Lowe,* 238 Kan. 755, 757-58, 715 P.2d 404 (1986), *overruled on other grounds Lowe v. State,* 242 Kan. 64, 744 P.2d 856 (1987), we acknowledged that "[n]o procedure is contained in the juvenile offenders code for making any jurisdictional showing under the exceptions found in K.S.A. 1985 Supp. 38-1602(b)(1) thru (6)." In that case, the defendant was 17 at the time the criminal acts were committed. He had previously been adjudicated in two separate actions as having committed acts which would have been felonies if he had been an adult. The State argued the defendant was not a juvenile offender pursuant to 38-1602(b)(3) and that the trial court had proper jurisdiction to try him as an adult.

In *Lowe,* the State took the following steps to show the district court had jurisdiction:

"At the time of the filing of the original complaint, the State attached an affidavit setting forth the necessary allegations to show probable cause for the issuance of a warrant and, in addition, included statements as to the two prior juvenile offender adjudications and attached copies of the journal entries of adjudication in those proceedings." 238 Kan. at 758.

In addition, the district court took judicial notice of its own records. The State's affidavit and the journal entries were not made a part of the record on appeal. We, however, upheld the trial court's jurisdiction over the defendant, stating:

"We think it is clear that the court proceeded properly in this case and there was nothing further required of the State to show the jurisdiction of the court. The procedure of the State, while not necessarily exclusive, of incorporating the proper jurisdictional allegations in an affidavit supported by proof of the prior adjudications was sufficient." 238 Kan. at 758-59.

In its petition for review, the State argues Shelton was not subject to the juvenile offenders code because he is excluded under K.S.A. 1991 Supp. 38-1602(b)(3) and K.S.A. 1991 Supp. 38-1602(b)(4). In his appeal, Shelton does not claim there is no basis for trying him as an adult; instead, he argues the State failed to show there was jurisdiction on the record.

At the hearing on Shelton's motion for arrest of judgment the prosecutor was incorrect when she stated the State had specified

in the complaint/information that Shelton was before the district court pursuant to having been previously adjudicated a juvenile offender on two prior occasions and being past the age of 16. No mention is made in the complaint/information or the amended complaint/information of the fact Shelton was a juvenile at the time of the crimes alleged against him or that he had previously been adjudicated as a juvenile offender on two prior occasions for felonies. However, the State introduced a journal entry showing Shelton's guilty pleas in Case No. 90CRM1038 to felony theft, burglary, and misdemeanor theft as an exhibit at trial in this case to prove an element of the aggravated escape from custody charge.

At the time Shelton committed the crimes charged in the case at bar, he was awaiting sentencing in Case No. 90CRM1038. The same district court judge, Gene B. Penland, presided over the proceedings of Case No. 90CRM1038 and the case currently under consideration, 90CRM1352. The presentence investigation (PSI) report prepared for Case No. 90CRM1038 included Shelton's prior record. Among other convictions, that PSI report reveals Shelton was convicted of the following: (1) in 1986, forgery, K.S.A. 21-3710, a class E felony; (2) in 1987, burglary, K.S.A. 21-3715, a class D felony; and (3) in 1989, perjury, K.S.A. 21-3805, a class D or E felony depending upon the circumstances. In addition, Case No. 90CRM1038 involved Shelton's conviction of two more felonies. Moreover, the case number of 90CRM1038 reveals Shelton was charged as an adult because juvenile cases in Saline County are assigned a CRJ number. From this information it is apparent Shelton was not subject to the juvenile offenders code because he was excluded under K.S.A. 1991 Supp. 38-1602(b)(3) due to his prior juvenile adjudications. Shelton was also excluded under K.S.A. 1991 Supp. 38-1602(b)(4) due to his conviction as an adult in Case No. 90CRM1038. Thus, it is the juvenile court that lacks jurisdiction, not the district court.

The record on appeal includes the PSI reports from the case under consideration and from Case No. 90CRM1038 in addition to the journal entry admitted as an exhibit. It is clear the trial court was amply apprised of Shelton's juvenile adjudications.

Shelton argues the State failed to prove through substantial evidence, on the record, that he was exempt from the juvenile

offenders code. Essentially, he contends the State should have followed a procedure similar to that used by the State in *State v. Lowe,* 238 Kan. 755. The argument is without merit. *Lowe* says there is no specific procedure required to establish that a juvenile is not subject to the juvenile offenders code. Here, there was more than enough evidence on the record before the trial court to establish that Shelton was subject to the criminal code.

The judgment of the district court that Shelton was subject to the criminal code is affirmed, and the judgment of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for consideration of the five issues originally raised by the defendant in his appeal to the Court of Appeals but not considered by the Court of Appeals based on its decision that the trial court had no jurisdiction.