(901 P.2d 536)

No. 73,549

## In the Matter of M.K.D.

Opinion filed August 25, 1995.

*Leo T. Gensweider*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Roberta Sue McKenna*, of the Kansas Department of Social and Rehabilitation Services, and *Denise Everhart*, of the Kansas Department of Insurance, for appellee SRS.

*David W. Rogers*, of Rogers Law Office, of Fredonia, guardian ad litem for appellee M.K.D.

Before RULON, P.J., ROYSE, J., and ADRIAN J. ALLEN, District Judge Retired, assigned.

ROYSE, J.: This is a juvenile case. The Woodson County District Court declared void a judgment by the Cowley County District Court that M.K.D. was a juvenile offender. The Woodson County Attorney (State) appeals.

On May 20, 1994, a juvenile proceeding was commenced in Cowley County, alleging that M.K.D. had committed a theft of a Ford van. M.K.D. later admitted that he had committed an attempted felony theft, as alleged in an amended complaint. The Cowley County District Court adjudged M.K.D. to be a juvenile offender.

The case was transferred to Woodson County for a dispositional hearing pursuant to K.S.A. 38-1605. The Woodson County magistrate ordered M.K.D. placed at the Youth Center at Topeka.

The Kansas Department of Social and Rehabilitation Services (SRS) filed a notice of appeal from the magistrate's decision to the District Court of Woodson County. SRS argued that the court lacked jurisdiction to proceed against M.K.D. as a juvenile offender, because M.K.D. had been adjudicated in two separate prior proceedings as having committed acts which would constitute felonies if committed by an adult. SRS urged the Woodson County District Court to declare void the judgment of the Cowley County District Court.

The State, although admitting that the judgment was probably void, argued that any determination that the Cowley County District Court judgment was void should be made only by the Cowley County District Court. The Woodson County District Court declared the Cowley County judgment void, and the State appeals.

On appeal, the State argues that there is no statutory basis to appeal a Cowley County District Court adjudication to the District Court of Woodson County. This argument misses the point.

K.S.A. 38-1602(b) defines the term "juvenile offender" to mean a person who does an act while a juvenile which if done by an adult would constitute a felony or misdemeanor. "Juvenile" means a person between the ages of 10 and 18. K.S.A. 38-1602(a). The statute also contains several exceptions to the definition of "juvenile offender." "Juvenile offender" does not include:

"A person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged." K.S.A. 38-1602 (b)(3).

Thus, a person may be excluded from the operation of the juvenile offenders code by virtue of his prior adjudications. As stated in *State v. Shelton*, 252 Kan. 319, Syl. ¶ 1, 845 P.2d 23 (1992), the exceptions enumerated in 38-1602(b)(1)-(6) "remove certain juveniles from the jurisdiction of the juvenile offenders code and subject them to the jurisdiction of the criminal code."

A similar problem was addressed in *State v. Lowe*, 238 Kan. 755, 715 P.2d 404 (1986), *rev'd on other grounds* 242 Kan. 64, 744 P.2d 856 (1987). Lowe was convicted of misdemeanor theft. He argued on appeal that he should have been charged as a juvenile offender despite his two separate prior adjudications for felony theft and aggravated battery. The Supreme Court rejected his argument:

"The legislature has determined that juveniles, who would otherwise be subject to the juvenile offenders code, under certain circumstances are not subject to that code. Here, because of his prior adjudications, Lowe clearly had no 'juvenile offender' status; therefore, the court lacked jurisdiction to proceed under the juvenile offenders code in this case." 238 Kan. at 758.

Another instructive case is *State v. Mayfield*, 241 Kan. 555, 738 P.2d 861 (1987). Mayfield was charged with theft. At the time of the alleged crime he was 17. By the time of his arrest he was 18. He pled guilty to theft and received a sentence of 1 to 10 years. He later filed a motion to set aside the conviction, arguing that he was a juvenile and that the district court lacked jurisdiction to accept his plea of guilty to a criminal offense. The district court denied his motion, and the Supreme Court reversed. The court concluded as follows:

"Although since court unification in 1977, we no longer have separate juvenile courts, the policy adopted by the legislature and consistently recognized by the courts has not changed. The jurisdiction of the district court over juvenile offenders in 1978 was based solely upon compliance with the provisions of the Kansas juvenile code and today is based solely upon the provisions of the Kansas juvenile offenders code (K.S.A. 38-1601 *et seq.*).

. . . .

"Thus, we think it is abundantly clear that the Kansas juvenile code (and now the Kansas juvenile offenders code) established an exclusive procedure for those subject to its provisions and the district court did not have jurisdiction of the subject matter of the action against appellant. To obtain such jurisdiction the proceedings had to be instituted under the provisions of the Kansas juvenile code

as it existed in 1978. Failure of the State to proceed in accordance with the code deprived the court of jurisdiction to accept appellant's attempted plea of guilty to a crime when the acts complained of were done by appellant at a time when he was under the age of eighteen. The district court and the Court of Appeals were in error in concluding that as the acts of Mayfield would have constituted a felony if he had been an adult, the court had jurisdiction of the subject matter. The subject matter of the action was not a criminal prosecution for a felony but a juvenile proceeding which was never commenced pursuant to the juvenile code." 241 Kan. at 561.

These cases make clear that the district court has jurisdiction to proceed under the juvenile offenders code against juvenile offenders. The district court may not proceed under the juvenile offenders code against an individual who is excluded from the definition of juvenile offender. To paraphrase the *Mayfield* decision, in this case the Cowley County District Court lacked subject matter jurisdiction because the State failed to bring the appropriate criminal prosecution.

The State does not disagree with the conclusion of the Woodson County District Court that the Cowley County District Court lacked jurisdiction of this juvenile case. The State, however, argues that the Woodson County District Court should not have declared a Cowley County District Court judgment to be void. This argument ignores the fact that a judgment rendered without jurisdiction is void. *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983). And, significantly, a judgment "void for want of jurisdiction may be attacked at any time and may be vacated because it is a nullity." *State v. Minor*, 197 Kan. 296, 300, 416 P.2d 724 (1966).

"A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative *by any tribunal in which effect is sought to be given to it.* It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based on it.

. . . .

"Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is *open to attack or impeachment in any proceeding, direct or collateral, and at any time or place,* at least where the invalidity appears upon the face of the record. All proceedings founded on the void judgment are themselves

regarded as invalid and ineffective for any purpose." (Emphasis added.) 46 Am. Jur. 2d, Judgments § 31, p. 393-94.

See *Chambers v. Bridge Manufactory*, 16 Kan. 270 (1876); 7 Moore's Federal Practice § 60.25[2], pp. 223-25 (2d ed. 1995).

Certainly, there is no practical reason to adopt the State's position that the case should have been returned to Cowley County for a declaration that the Cowley County judgment was void. In fact, in one respect Woodson County was a particularly appropriate forum for deciding that the Cowley County judgment was void: because M.K.D.'s home county was Woodson County, his prior adjudications had been transferred to the Woodson County District Court for disposition orders, and, thus, the Woodson County District Court had records of M.K.D.'s prior adjudications in its own files.

For these reasons, we conclude that the Woodson County District Court did not err in declaring void the judgment of the Cowley County District Court.

The State's second argument on appeal is that SRS could not challenge the Cowley County District Court adjudication because SRS was not a party to the proceeding. This argument is without merit. First, it is the duty of a court to determine whether it has subject matter jurisdiction. Whether the parties raise the question or not, the court must do so on its own motion. *Farmers State Bank v. Production Cred. Ass'n of St. Cloud*, 243 Kan. 87, 94, 755 P.2d 518 (1988); *Harshberger v. Board of County Commissioners*, 201 Kan. 592, 594, 442 P.2d 5 (1968). When the record discloses a lack of subject matter jurisdiction, it is the duty of the court to dismiss the action. *Minter-Wilson Drilling Co. v. Randle*, 234 Kan. 624, 628, 675 P.2d 365 (1984). Thus, regardless of the manner in which the issue came to the district court's attention, the Woodson County District Court was obligated to examine its own jurisdiction, which necessitated an examination of the jurisdiction of the Cowley County District Court. Viewed in this regard, permitting SRS to appeal the magistrate's decision to the district court would at worst be viewed as harmless error.

Second, it must be acknowledged that SRS was not some mere meddling interloper in these proceedings. The magistrate's journal

entry of disposition ordered that M.K.D. be placed at the Youth Center in Topeka, an institution by statutory definition *"for juvenile offenders"* operated by the Secretary of SRS. K.S.A. 38-1602(g) and (i). Given its statutory responsibility for operating the youth centers, SRS certainly has an interest in assuring that only juvenile offenders are admitted.

Finally, prior cases make clear there is no prescribed procedure for establishing that a juvenile is not subject to the juvenile offenders code. See *State v. Shelton*, 252 Kan. 319, Syl. ¶ 2, 845 P.2d 23 (1993); *State v. Lowe*, 238 Kan. at 759. While the appeal filed by SRS may technically not have carried the correct label for a document filed by a nonparty, it did advise the district court and all the parties to the action of the defect in the proceedings. SRS might have filed a "Notice of Prior Adjudications" or an "Objection to Admission of M.K.D. to the Youth Center" as a way to bring the jurisdictional defect to the court's attention. SRS might have filed an independent action to bar the magistrate from sending a non-juvenile offender to a youth center. Any error in labelling the SRS pleading as an "appeal," or in the court's consideration of SRS's "appeal," was harmless.

Affirmed.