NOT DESIGNATED FOR PUBLICATION

Nos. 123,386
123,387

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RATHE ASCHENBRENNER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Thomas District Court; KEVIN BERENS, judge. Opinion filed October 1, 2021. Remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BUSER, JJ.

PER CURIAM: Rathe Aschenbrenner appeals the district court's decision revoking his probation and ordering him to serve his original sentences in two separate cases. Aschenbrenner does not challenge the revocation of his probation but argues his original sentences, imposed in January 2020, are illegal because his criminal history score included a prior juvenile adjudication of criminal threat. Aschenbrenner asserts that because the Kansas Supreme Court held the reckless version of the offense unconstitutional in *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), *cert.*

1

*denied* 140 S. Ct. 1956 (2020), his cases must be remanded to determine which version of criminal threat he committed and whether his criminal history score is correct.

The State recognizes that remand is generally the remedy in this situation, but it argues that Aschenbrenner's illegal sentence claim is not preserved because he did not object to his criminal history score in his presentence investigation (PSI) report or otherwise challenge any of his prior adjudications or convictions at sentencing. For the reasons stated in this opinion, we find that Aschenbrenner can properly raise his illegal sentence claim, and we remand for further proceedings.

FACTS

The facts are straightforward and undisputed. Aschenbrenner pled guilty to one count of burglary in both 2019-CR-117 and 2019-CR-120 in Thomas district court. The PSI report reflected that Aschenbrenner's criminal history score was C—based in part on a 2019 juvenile adjudication for criminal threat—giving him a presumptive sentence of 29-27-25 months in each case. At the sentencing hearing on January 8, 2020, when asked, Aschenbrenner stated he agreed that his criminal history score was C. The district court sentenced Aschenbrenner in each case to 27 months' imprisonment but granted probation for 24 months. The district court ordered the sentences to run consecutively.

Six months later, the district court found Aschenbrenner violated his conditions of probation, revoked his probation, and ordered him to serve the original sentence in each case. Aschenbrenner timely appealed the probation revocation, and the cases are consolidated on appeal.

2

Under the revised Kansas Sentencing Guidelines Act (KSGA), a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2020 Supp. 21-6804(d). "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2020 Supp. 21-6810(d)(9). In October 2019, the Kansas Supreme Court held that "the portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence." *Boettger*, 310 Kan. at 822.

Citing these rules, Aschenbrenner argues, for the first time on appeal, that the district court erred in calculating his criminal history score. He asserts that because his criminal history score included a prior adjudication of criminal threat, and the PSI does not reflect whether the adjudication was based on the intentional or reckless version of the offense, his cases must be remanded for resentencing.

The State asserts that this court is barred from addressing Aschenbrenner's claim because he agreed to his criminal history score on the record at sentencing. The State cites *State v. Corby*, No. 122,584, 2021 WL 2275517 (Kan. App. 2021) (unpublished opinion), *rev. granted* 313 Kan. 1043 (2021), to support its assertion. But assuming the claim is preserved, the State concedes that remand is necessary.

Classification of prior convictions for criminal history purposes involves interpretation of the KSGA. Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). Similarly, whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law subject to unlimited review. *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020). An

3

illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1).

This court can hear Aschenbrenner's illegal sentence claim for several reasons. First, Aschenbrenner correctly asserts that he can challenge the legality of his sentence for the first time in an appeal from a probation revocation. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016); K.S.A. 2020 Supp. 22-3504(a) (stating the court may correct an illegal sentence at any time while the defendant is serving the sentence).

Second, the State's reliance on *Corby* as preventing review of this issue is unpersuasive. In that case, Corby asserted for the first time in his appeal from a probation revocation that his sentence was illegal because the State presented insufficient evidence at sentencing to show that his prior convictions of fleeing and eluding were person felonies. This court pointed to K.S.A. 2020 Supp. 21-6814, discussing the burden of proof for criminal history scores, and found that if a defendant does not dispute the PSI report at sentencing, then the PSI report meets the State's burden of proof. 2021 WL 2275517, at *3. This court summarized the statute, finding: "Either an admission by the defendant or proof by the State is necessary—not both." 2021 WL 2275517, at *4. This court then dismissed Corby's illegal sentence claim, finding that he agreed to his criminal history score at sentencing and that he "simply argues that [the convictions] *might have* been misdemeanors. Posing a mere possibility and making conclusory assertions that contradict the admissions one made at sentencing is an insufficient basis for us to remand for correction of an illegal sentence." 2021 WL 2275517, at *5.

*Corby* is distinguishable from the issue here. In *Corby*, the PSI plainly stated that Corby's prior convictions of fleeing and eluding were person felonies, but he argued on appeal that the State did not present evidence at sentencing to support that classification.

Aschenbrenner's PSI is silent on whether his prior adjudication of criminal threat was for the intentional or reckless version of the crime. *Corby* does not address a situation in which the defendant's PSI included a prior adjudication of a crime defined by statute that has since been declared unconstitutional. See K.S.A. 2020 Supp. 21-6810(d)(9).

Third, Kansas law is clear that a defendant's stipulation to a criminal history score at sentencing prevents the defendant from later challenging the *factual existence* of a conviction listed in the PSI, but the stipulation does not prevent the defendant from later challenging the *legal effect* of the conviction for criminal history purposes. See *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015); *State v. Ruiz*, 51 Kan. App. 2d 212, 231-32, 343 P.3d 544 (2015). Aschenbrenner is not challenging the factual existence of his prior adjudication of criminal threat. Instead, he is challenging the legal effect of the prior adjudication for criminal history purposes now that the portion of the applicable statute allowing for a conviction of reckless criminal threat has been found unconstitutional. As a result, Aschenbrenner's stipulation to his criminal history score at sentencing does not prevent us from addressing the merits of his illegal sentence claim.

Turning to the merits, the PSI reflects that Aschenbrenner was adjudicated of criminal threat in violation of K.S.A. 21-5415(a)(1) in Thomas district court case No. 19-JV-04 in August 2019, but it is silent on whether he committed the intentional or reckless version of that offense. The district court sentenced Aschenbrenner for his burglary convictions in January 2020. By that time, Kansas law established that if he committed the reckless version of criminal threat, then the juvenile adjudication could not be counted in his criminal history score. See K.S.A. 2020 Supp. 21-6810(d)(9); *Boettger*, 310 Kan. at 822. If the adjudication is not included in Aschenbrenner's criminal history, then his criminal history score would be F and his presumptive sentence for each burglary conviction would have been 19-18-17 months. See K.S.A. 2020 Supp. 21-6804. Thus, if Aschenbrenner committed the reckless version of criminal threat, then his sentence for

each burglary conviction does not conform to the applicable statutory provision and is, in fact, illegal. See K.S.A. 2020 Supp. 22-3504(c)(1).

The burden is on the State to prove a defendant's criminal history at sentencing. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). Because the PSI does not establish which version of criminal threat Aschenbrenner committed, we must remand this matter and direct the district court to apply the "'modified categorical approach'"— which allows the examination of "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms'"—to determine which version of criminal threat Aschenbrenner committed. *Obregon*, 309 Kan. at 1274 (discussing the modified categorical approach in relation to alternative means out-of-state crimes). This task should be relatively easy because Aschenbrenner's juvenile adjudication occurred in Thomas district court and a court can take judicial notice of its own records. K.S.A. 60-409(b)(4); *State v. Lowe*, 238 Kan. 755, 759, 715 P.2d 404 (1986).

Aschenbrenner asks us to vacate his sentences and remand for resentencing, but we need not do so because his current sentences may be legal. Instead, we remand this matter to district court to determine whether Aschenbrenner's prior adjudication of criminal threat was based on the intentional or reckless version of the statute. If the State is unable to show that the adjudication was based on the intentional version of the statute, then the district court must vacate Aschenbrenner's sentences for his burglary convictions and resentence him using the correct criminal history score.

Remanded with directions.