The Honorable Carl B. Anderson, Jr. Administrative Judge Ninth Judicial District P.O. Box 1106 McPherson, Kansas 67460
Dear Judge Anderson:
You inquire whether a juvenile may be detained in the county jail when the juvenile is 16 or 17 years old and has been arrested for an act which would constitute the commission of a felony if committed by an adult but has not yet been formally charged by way of complaint under K.S.A. 38-1621. You also inquire whether an individual who is a "juvenile" but not a "juvenile offender" may be detained in jail pursuant to K.S.A. 38-1691.
The legislature may exclude any group of individuals from the protection of the juvenile offenders code (code) under certain circumstances. LeVier v. State, 214 Kan. 287 (1974); State v.Lowe, 238 Kan. 755, 758 (1986). If these legislative circumstances exist, then a court has no jurisdiction to entertain a complaint filed under the code. State v. Shelton, 252 Kan. 319,324 (1993); Lowe, supra at p. 758.
K.S.A. 1994 Supp. 38-1602 defines "juvenile" as a "person 10 or more years of age but less than 18 years of age." A "juvenile offender" is a "person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor. . . ."
The legislature has chosen to exempt the following classes of juveniles from the protection of the code by virtue of the provisions of subsection (b) of K.S.A. 1994 Supp. 38-1602:
 "(b)(1) A person 14 or more years of age who commits a traffic offense . . .;
 "(2) a person 16 years of age or over who commits an offense defined in chapter 32 of the Kansas Statutes Annotated (wildlife and parks offenses);
 "(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in a separate prior juvenile proceeding as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged;
 "(4) a person who has been prosecuted as an adult by reason of subsection (b)(3) and whose prosecution results in conviction of a crime;
 "(5) a person whose prosecution as an adult is authorized pursuant to K.S.A. 38-1636 . . .;
 "(6) a person who has been convicted of aggravated juvenile delinquency . . .;
 "(7) a person 16 years of age or over who has been adjudicated to be a juvenile offender . . . and who is charged with committing a felony or more than one offense of which one or more is a felony while confined in any training or rehabilitation facility under the jurisdiction . . . of the department of social and rehabilitation services or while running away or escaping from any such institution or facility." (Emphasis added).
If an individual falls into one of above referenced categories in subsection (b) of K.S.A. 1994 Supp. 38-1602 the court has no jurisdiction to entertain a complaint filed under the juvenile offenders code. Shelton, supra; Lowe, supra. On the other hand, if none of the exceptions in subsection (b) apply to a juvenile, the code must be used. Consequently, in the scenario you describe, a 16 or 17 year old individual with one prior felony adjudication who is detained because the individual committed an act which if done by an adult would constitute the commission of a felony but who is not yet charged by way of the filing of a verified complaint under K.S.A. 38-1621, is a "juvenile offender" entitled to the protection of the code because the subsection (b)(3) exception only applies if the juvenile is "charged with a felony."
Once it has been determined whether the juvenile is subject to the juvenile offenders code or the criminal code, the next step is to determine whether the juvenile may be detained in jail. If the juvenile falls into the exception category for traffic or wildlife and park offenses, [K.S.A. 1994 Supp. 38-1602(b)(1)(2)] the juvenile may not be detained in jail because K.S.A. 32-1040 and K.S.A. 1994 Supp. 8-2117 specifically prohibit such detention.
K.S.A. 38-1691 states, in relevant part, as follows:
 "(a) [N]o juvenile shall be detained or placed in any jail pursuant to the Kansas juvenile offenders code
except as provided by subsections (b) and (c).
. . . .
"(c) The provisions of this section do not apply to detention of:
 "(1) A juvenile 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged;
 "(2) a juvenile who has been prosecuted as an adult by reason of subsection (c)(1) and whose prosecution results in conviction of a crime;
 "(3) a juvenile with regard to whom a motion has been filed requesting prosecution as an adult pursuant to K.S.A. 38-1636. . .; or
 "(4) a juvenile who has been charged with or convicted of aggravated juvenile delinquency. . . .
 "(d) This section shall be part of and supplemental to the Kansas juvenile offenders code. (Emphasis added).
The genesis of this statute is found in the juvenile justice and delinquency prevention act [42 U.S.C. § 5601 et seq.] which provides federal funds to states that comply with the act's requirement of removing juveniles from adult jail facilities.42 U.S.C. § 5633(a)(13) prohibits confinement in jail for any "juvenile alleged to be or found to be delinquent." Subsection (a)(14) of the same statute provides that "no juvenile shall be detained or confined in any jail or lock-up for adults" except for short periods of detention used for identifying and processing the juvenile.
The legislative history of this federal enactment is clear that the prohibition of jail detention for juveniles only applies to those juveniles who fall under a state's juvenile delinquency code. The prohibition does not apply where the juvenile has been charged with a crime as an adult.
 "The committee intends the new provision [42 U.S.C. § 5633(a)(14)] to extend to all juveniles who may be subject to the exercise of juvenile court jurisdiction for purposes of adjudication and treatment based on age and offense limitations established by state law. If a juvenile is formally waived or transferred to criminal court by a juvenile court and criminal charges have been filed or a criminal court with original or concurrent jurisdiction over a juvenile has formally asserted its jurisdiction through the filing of criminal charges against a juvenile, the section 223(a)(14) prohibition no longer attaches." 1980 U.S. Code Congressional and Administrative News, p. 6111; 42 C.F.R. § 31.303(e)(2).
K.S.A. 38-1691 was enacted in 1990 to satisfy that requisite of the federal act that requires legislation to implement the state plan to separate juvenile offenders from adult criminals.42 U.S.C. § 5633(a)(2).
Based upon the legislative intent of the federal law to prohibit detention of adult criminals with those juveniles who fall within the parameters of a juvenile delinquency code we conclude that K.S.A. 38-1691(a) applies only to juveniles who are eligible for protection under the juvenile offender code.
While the four exceptions to the jail detention prohibition are similar to some of the seven exceptions in K.S.A. 1994 Supp.38-1602(b), it is clear that the legislature was cognizant that juveniles who have been through the juvenile offender system and who have failed to accept its guidance no longer deserve its protection. Attorney General Opinion No. 93-86. Consequently, it is our opinion that a juvenile who falls within one of the exceptions to the definition of a "juvenile offender" contained in K.S.A. 1994 Supp. 38-1602(b)(3)-(7), or who falls within one of the exceptions contained in K.S.A. 38-1691(c) may be detained in jail.
In the case of the 16 or 17 year old juvenile with one prior felony adjudication who has not yet been charged with a new felony, he or she is presumed to be a juvenile offender and entitled to the protection of the code and, therefore, may not be detained in the county jail. However, if this same juvenile is charged with a felony pursuant to K.S.A. 38-1621, the charge will trigger the subsection (b)(3) exemption under K.S.A. 1994 Supp.38-1602 and the juvenile will no longer be protected under the code — thereby subjecting him or her to possible detention in the county jail.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm