(850 P.2d 947)

No. 68,341

# In the Interests of T.D.W. and S.W., minors.

Opinion filed April 30, 1993.

*Thomas P. Alongi*, assistant county attorney, for the appellant.

*John L. Swarts III*, of Junction City, for the appellee S.W.

*Eric A. Stahl*, of Stahl Law Office, of Junction City, for the appellee T.D.W.

*Kelly S. Hodge*, of Junction City, for the appellee natural mother.

*Mitzi Phalen*, of Weary, Davis, Henry, Struebing & Troup, of Junction City, for the appellees natural fathers.

Before BRISCOE, C.J., LARSON, J., and DAVID J. KING, District Judge, assigned.

BRISCOE, C.J.: The State appeals from the denial of its motion to terminate parental rights to T.D.W. and S.W. The appellees, T.D.W., S.W., their mother, and their fathers, all join in the same brief to argue this court is without jurisdiction to consider this appeal and, if jurisdiction is found, the district court's denial of the motion to terminate should be affirmed.

T.D.W. was born February 5, 1975, and S.W. was born March 11, 1980. The children have the same mother but different fathers. Neither child has ever seen her father nor has either child's father contributed financially to the support of his child. T.D.W. was alleged to be a child in need of care in a petition filed October 8, 1990. The record on appeal does not reveal whether T.D.W. was actually adjudicated a child in need of care but, according to the State, the parties stipulated to the petition. S.W. was adjudicated to be a child in need of care on March 8, 1991. According to the petitions filed, both children had been victims of sexual abuse and parental neglect. In August 1991, the State moved to terminate the parents' rights to T.D.W. and S.W. After a hearing on June 5, 1992, the district court found the parents to be unfit, but the court refused to terminate the parents' rights, stating:

"WHEREUPON the court considers the statutory mandate of K.S.A. 38-1583(e) in light of the evidence, and refuses to enter an order of severance for any parent. In support of its ruling, the court states that evidence concerning the psychological impact of severance on [S.W.]—as the child understands it—prohibits such a legal measure at this time. The court therefore denies the state's motion . . . ."

We first address whether the State can appeal an order denying its motion to terminate parental rights. Appellees recognize the

statutory framework of the code for care of children, K.S.A. 38-1501 *et seq.* In fact, as noted by appellees, K.S.A. 38-1591(a) provides that "[a]n appeal may be taken by any interested party from any adjudication, disposition, termination of parental rights or order of temporary custody in any proceedings pursuant to this code."

Is the State's appeal permitted under 38-1591(a)? K.S.A. 1992 Supp. 38-1502(e) states who are interested parties under the code and includes the State within its enumeration of interested parties: " 'Interested party' means the state, the petitioner, the child, any parent and any person found to be an interested party pursuant to K.S.A. 38-1541 and amendments thereto." The terms adjudication, disposition, and termination are all terms of art within the code, each carrying its own meaning and each occurring in a certain sequence. K.S.A. 38-1556 refers to an adjudication within the code: "If the court finds that the child is a child in need of care, the court shall enter an order adjudicating the child to be a child in need of care and may proceed to enter orders of disposition as authorized by this code." Pursuant to K.S.A. 38-1561, the order of disposition may be entered at the time of adjudication, but shall be entered within 30 days following adjudication unless delayed for good cause shown. K.S.A. 38-1562 sets forth the procedures to be followed prior to the court entering an order of disposition. K.S.A. 1992 Supp. 38-1563 addresses authorized dispositions or placements for a child who has been adjudged a child in need of care. Termination of parental rights is addressed in K.S.A. 38-1581 *et seq.*

Applying this statutory framework to the order appealed from, it appears the State is appealing an order of disposition. The court in the present case refused to terminate the parents' parental rights, but chose instead to continue the children in their present placements and to order preparation of a reintegration plan. Applying the code's own meaning to the terms used in 38-1591(a), an appeal from the denial of a motion to terminate parental rights is appealable as an order of disposition.

Appellees argue the State cannot appeal because the decision is not final as to the State. Appellees note this is a civil proceeding and the appeal is governed by K.S.A. chapter 60, article 21. K.S.A. 38-1501; 38-1591(c). K.S.A. 1992 Supp. 60-2101(a) pro-

vides that "[t]he court of appeals shall have jurisdiction to hear appeals from district courts . . . . [A]ppeals from the district court to the court of appeals in civil actions shall be subject to the provisions of K.S.A. 60-2102, and amendments thereto." K.S.A. 1992 Supp. 60-2102(a)(4) provides for appeal from "[a] final decision in any action, except in an action where a direct appeal to the supreme court is required by law."

Appellees rely on *In re A.S.*, 12 Kan. App. 2d 594, 752 P.2d 705 (1988), to argue the State cannot appeal the denial of a motion to terminate because the denial is not a final decision. *A.S.* involved a res judicata issue. The court held that a subsequent proceeding to terminate parental rights is not limited to an examination of circumstances arising after the prior proceeding. *A.S.* also contained language to the effect that new circumstances must exist before a rehearing on substantially the same circumstances will be allowed. This court recognized that the new circumstances do not need to be extensive and can amount to nothing more than a continued course of conduct by the parent. 12 Kan. App. 2d at 602.

We read *A.S.* as better support for the State's argument that it can appeal the denial of its motion to terminate parental rights. The language in *A.S.* indicates the State cannot file a new termination motion based solely on the exact circumstances alleged in a prior motion which was denied. Therefore, a district court's decision based on those exact circumstances is final as to the State and is appealable.

The State contends the court erred in not terminating the parents' rights after finding the parents unfit. The State does not challenge the refusal of the court to terminate the mother's right to S.W. because of overwhelming evidence that such a termination could have a negative emotional impact upon S.W. Instead, the State challenges the court's refusal to terminate the fathers' rights to the two children and the mother's rights to T.D.W.

In a termination of parental rights case, our scope of review is as follows:

"[T]he duty of an appellate court extends only to a search of the record to determine whether substantial competent evidence exists to support the trial court's findings. An appellate court must not reweigh the evidence, substitute its evaluation of the evidence for that of the trial court, or pass upon

the credibility of the witnesses. It must review the evidence in the light most favorable to the party prevailing below." *In re S.M.Q.*, 247 Kan. 231, 234, 796 P.2d 543 (1990).

The State argues the court's decision not to terminate the mother's rights to T.D.W. is contrary to the established facts. The State directs us to the testimony of Denise Jones, a clinical psychologist who has had contact with T.D.W. Jones testified as to T.D.W.'s negative attitude toward her mother. Jones was of the opinion that termination would not severely traumatize T.D.W. There was, however, testimony against termination. Virginia Popejoy, a social worker, testified that she opposed termination of the mother's rights to T.D.W. because T.D.W. needed a family and was not adoptable because she was in her teens. Popejoy also offered that "even though [T.D.W.] talks against her mother, I think she still has a feeling for her mother and that that relationship needs to remain." Jane Roether, a teacher who had served as a court-appointed special advocate of the children, apparently was also opposed to termination, stating "I know [T.D.W.] is very angry with her mother and very hurt and very—feels very abandoned. But I still think there is something there." The testimony of Popejoy and Roether provides substantial competent evidence to support the district court's denial of the State's petition to terminate the mother's rights to T.D.W.

The State also argues the court only focused upon S.W.'s interests in refusing to terminate the mother's parental rights to T.D.W. As reflected by the portion of the journal entry quoted above, the court stated it was refusing termination due only to the best interests of S.W. K.S.A. 1992 Supp. 38-1583(e), to which the court alludes, provides that the primary consideration of a court is "the physical, mental or emotional condition and needs of the child." Clearly, the court gave some consideration to how termination of parental rights to T.D.W. would affect S.W. However, it is also clear from the record the court looked at the interests of both children, and there was substantial competent evidence independent of S.W.'s interests to support the court's denial of the motion to terminate the mother's parental rights to T.D.W.

As regards termination of the fathers' parental rights to the children, most witnesses testifying were ambivalent. The testimony of Dr. Maureen Elizabeth McCabe, a psychiatrist who met with S.W. on a regular basis, stated she favored not severing S.W.'s father's rights because S.W. might not be able to understand how one parent's rights could be terminated but not the other's. McCabe's testimony provides substantial competent evidence that termination of S.W.'s father's rights may not be in that child's best interests. As regards the father of T.D.W., there is no evidence in support of not terminating his rights other than Popejoy's inconclusive statement that she opposed termination because she could see no benefit one way or the other in terminating the father's rights.

The denial of the motion to terminate the mother's parental rights to T.D.W. and the father's parental rights to S.W. is affirmed. The district court's denial of the motion to terminate the parental rights of T.D.W.'s father is not based upon substantial competent evidence and is reversed and remanded for further proceedings.