32 Kan.App. 2d 514 (2004)
85 P.3d 224
In the Interest of S.C. (DOB: 02-02-99) and C.A. (DOB: 12-05-00), Minor Children Under 18 Years of Age.
No. 90,597.
Court of Appeals of Kansas.
Opinion filed March 5, 2004.
*515 Roger Batt, of Wichita, for the appellant.
Larry S. Vernon, of Kansas Social and Rehabilitation Services, of Wichita, for the appellee.
Before PIERRON, P.J., LEWIS and JOHNSON, JJ.
LEWIS, J.:
Appellant April Bohannan is the great-aunt of the children who are the subject of this litigation. The children have lived with appellant for some period of time but were ultimately removed from that home, and the Kansas Social and Rehabilitation Services (SRS) has consented to an adoption of the children by a third party. Appellant intended to contest the adoption and filed a motion for interested party status pursuant to K.S.A. 38-1541. The trial court denied her motion, and this appeal followed.
The facts are not particularly complicated. The children were placed in the custody of SRS in March 2001 and later adjudicated to be children in need of care. At that time, appellant was directed by the court to attend parenting classes to facilitate the possibility of placing the children in her home.
In November 2001, the State filed a motion to terminate the parental rights of the children's mother and each of their fathers. The trial court granted the motion, terminated all parental rights, and awarded custody to SRS for adoption purposes. Shortly thereafter, appellant filed a motion for interested party status which, as pointed out above, was denied.
On appeal, the principal legal issue involved is whether appellant has standing to appeal the trial court's ruling. The importance of this question is that if appellant had no standing, this court has no jurisdiction to hear the appeal.
Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. State v. Stough, 273 Kan. 113, 116, 41 P.3d 281 (2002).
*516 The right to appeal is not a vested right and, in the absence of a statute authorizing an appeal, no such appeal is available. Nguyen v. IBP, Inc., 266 Kan. 580, 588, 972 P.2d 747 (1999). When a review of the record shows lack of jurisdiction for an appeal, that appeal must be dismissed. State v. Verge, 272 Kan. 501, 521, 34 P.3d 449 (2001).
K.S.A. 60-2102(a)(4) confers jurisdiction upon this court to hear an appeal of "[a] final decision in any action." Rulings on motions to intervene, which are somewhat analogous to motions for interested party status, have been found to be final decisions within the ambit of this statute. In re Marriage of Osborne, 21 Kan. App. 2d 374, 376, 901 P.2d 12 (1995).
Appeals under the Kansas Code for Care of Children (Code) (K.S.A. 38-1501 et seq.) are limited by statute. K.S.A. 38-1591 provides in relevant part: "(a) An appeal may be taken by any interested party from any adjudication, disposition, termination of parental rights or order of temporary custody in any proceedings pursuant to this code."
It is the position of SRS that not only is appellant not an interested party but that the trial court's decision was not one of the four alternative appealable determinations established in K.S.A. 38-1591(a). The net result of this argument, if correct, is that there is simply no statute which provides for an appeal in a case of this nature.
K.S.A. 2003 Supp. 38-1502(e) defines an interested party as "the state, the petitioner, the child, any parent, any grandparent and any person found to be an interested party pursuant to K.S.A. 38-1541 and amendments thereto." Appellant is the children's great-aunt and does not fall into any of the classifications set forth in the statute. Since the statutes require that appeals be taken only by interested parties and it does not appear that appellant was an interested party, she simply had no standing to appeal.
We find no published Kansas cases directly on point, but the issue has been dealt with somewhat obliquely in In re D.D.P., Jr., 249 Kan. 529, 532, 819 P.2d 1212 (1991), wherein the Supreme Court noted:

*517 "Those specifically listed in [38-1502(e)] are mandatory parties with a statutory right to participate. In addition, the court may find anyone within the provisions of K.S.A. 38-1541 is an interested party. These are optional `interested parties' without a right to participate unless so designated by the court under K.S.A. 38-1541.. . ."
An examination of K.S.A. 38-1541 shows that an "optional" interested party who receives his or her status via the court is subject to having that status terminated by the court "at any time." The Supreme Court in D.D.P. noted that "[i]f the grandfather has standing to appeal under K.S.A. 38-1591, then he must have been designated an `interested party.'" 249 Kan. at 542. (We point out at the time D.D.P. was filed, grandparents were not among the mandatory parties included in the definition of interested party.)
It appears that at such time as the trial court denied interested party status to appellant, appellant also lost her right to appeal that decision.
This may appear to be a rather harsh result since it leaves someone whose interested party petition is denied without an appealable remedy. That, however, is apparently what the legislature intended when it passed the statutes cited above. We deal here with the lives of two young children, and the sooner the litigation can be terminated, the sooner the children can get on with a normal life. Under those circumstances, it becomes understandable why we cannot allow appeals from everything that happens under the Code.
If appellant somehow was to be considered an interested party, we would still conclude this court has no jurisdiction. K.S.A. 38-1591(a) provides that the only appeals which may be taken under the Code are from an adjudication, disposition, termination of parental rights, or order of temporary custody. If the order here does not fit into one of those four categories, the order, by statute, is not appealable.
Does the action taken by the trial court fit under one of the categories set forth in the statute? The order sought to be appealed is clearly not a termination of parental rights or a custody order. The only other possibilities for appellant would be a determination that this order was an adjudication or a disposition. It seems logical that the denial of a motion for interested party status is at the very *518 least an adjudication. However, we are bound by the Code and its provisions concerning appeals. K.S.A. 38-1556 and K.S.A. 38-1563 define what may be considered to be an adjudication or an authorized disposition under the Code. Under the Code, "adjudications" appear to refer only to child in need of care determinations, and "dispositions" are apparently those actions concerning custody taken by the court following such determinations. See K.S.A. 38-1556; K.S.A. 38-1561 to 38-1564.
"The terms adjudication, disposition, and termination are all terms of art within the code, each carrying its own meaning and each occurring in a certain sequence. K.S.A. 38-1556 refers to an adjudication within the code: `If the court finds that the child is a child in need of care, the court shall enter an order adjudicating the child to be a child in need of care and may proceed to enter orders of disposition as authorized by this code.' Pursuant to K.S.A. 38-1561, the order of disposition may be entered at the time of adjudication, but shall be entered within 30 days following adjudication unless delayed for good cause shown. K.S.A. 38-1562 sets forth the procedures to be followed prior to the court entering an order of disposition. K.S.A. 1992 Supp. 38-1563 addresses authorized dispositions or placements for a child who has been adjudged a child in need of care. Termination of parental rights is addressed in K.S.A. 38-1581 et seq." In re T.D.W., 18 Kan. App. 2d 286, 288, 850 P.2d 947 (1993).
As we read these statutes, it appears clear to us that the legislature did not consider a denial of interested party status to be an adjudication or a disposition. The result is that there was no appealable order, and we have no jurisdiction.
Since we have no jurisdiction, we see no need to review the merits of the trial court's decision. Suffice it to say, we have read the record and examined that decision and conclude the trial court did not abuse its discretion in denying the motion for interested party status filed by appellant.
We rest our decision upon the lack of jurisdiction, and this appeal is dismissed for the reasons stated in this opinion.
Appeal dismissed.