(166 P.3d 431)
No. 97,876

In the Interest of D.M.M., DOB: 03/04/02,
A Child Under Eighteen (18) Years of Age.

Opinion filed August 31, 2007.

*Gillian Luttrell*, of Ozawkie, for appellant grandmother.

*Matthew W. Boddington* and *LeAnn M. Berry*, of Kansas Department of Social and Rehabilitation Services, for appellee.

Before CAPLINGER, P.J., ELLIOTT and MALONE, JJ.

MALONE, J.: S.B. (Grandmother) appeals the district court's orders changing D.M.M.'s placement for adoption following termination of parental rights. We conclude this court lacks jurisdiction to consider Grandmother's appeal.

D.M.M. was born on March 4, 2002, while his natural mother, D.M. (Mother), was incarcerated. The identity of D.M.M.'s natural father (Father) was unknown. On March 20, 2002, the State of Kansas filed a Child in Need of Care petition in Doniphan County District Court alleging D.M.M. was in need of care. At the time the petition was filed, D.M.M. was living with Grandmother. Grandmother had previously adopted D.M.M.'s sister and brother.

On April 16, 2002, the district court issued temporary orders placing D.M.M. in the custody of the Department of Social and Rehabilitation Services (SRS) and finding that residential placement with Grandmother was appropriate. On June 3, 2002, the district court adjudicated D.M.M. as a child in need of care. The district court held a disposition hearing on June 24, 2002. At the disposition hearing, the district court found that Mother was on probation in Missouri and ordered her to enter into a reintegration plan with SRS. The district court further found that it was in D.M.M.'s best interests to remain living with Grandmother.

On August 7, 2003, Grandmother filed a motion to terminate parental rights. After conducting a hearing, the district court terminated Mother's and Father's parental rights to D.M.M., and the journal entry was filed on December 16, 2003. The district court placed D.M.M. in the care, custody, and control of SRS, found that it was in D.M.M.'s best interests to be adopted, and granted SRS authority to consent to an adoption. At a September 29, 2004, permanency hearing, SRS indicated that it was working to complete an adoption and that it was negotiating with Grandmother for an adoption subsidy.

On July 11, 2005, SRS removed D.M.M. from Grandmother's home and placed him in a foster home. SRS removed D.M.M. from the home because it discovered that Grandmother had built and maintained a dog kennel, which consisted of a 6-foot high section

of chain link fencing and a gate, to contain D.M.M. inside Grandmother's living room. Grandmother described the structure as a "safe place" for D.M.M. because he was too big for a regular playpen. Although SRS could not confirm that D.M.M. had been abused or neglected, it removed D.M.M. from Grandmother's home and told Grandmother to dismantle the "safe place."

Grandmother filed a motion asking the court to review SRS's emergency removal of D.M.M. from her home. After conducting a hearing, the district magistrate approved the emergency removal. The magistrate found that Grandmother had failed to follow 9 of the 11 recommendations regarding discipline, medication, and parenting given to her by Kanza Mental Health. The magistrate further found that Grandmother's home was chaotic, unsafe, and disruptive to the mental health of D.M.M. Specifically, the magistrate found that the " 'safe place' was an inappropriate device to provide safety to [D.M.M.]." The order approving SRS's emergency removal of D.M.M. was filed on November 3, 2005.

Grandmother appealed the magistrate's order to the district court. At a hearing on December 28, 2005, the district court, on its own motion, raised the issue of jurisdiction and determined the district court did not have jurisdiction to review the magistrate's decision approving the emergency removal of D.M.M. At the hearing, Grandmother made an oral motion for interested party status, which the district court granted.

Grandmother filed subsequent motions with the district court. At a hearing on one of the motions, Grandmother made an oral motion for an evidentiary hearing on whether SRS had performed reasonable efforts to find an adoption placement for D.M.M. The district court granted Grandmother's motion and scheduled the evidentiary hearing on October 11, 2006. At the hearing, Grandmother argued that D.M.M. should either be placed back with her or with another family member for adoption. After hearing the evidence, the district court found that SRS had performed reasonable efforts to find D.M.M. an adoptive family, and denied Grandmother's motion for change of placement. Grandmother filed a notice of appeal, and she subsequently filed an amended notice of appeal.

Grandmother's amended notice of appeal indicates she is appealing several different rulings of the district court, all entered after the termination of parental rights. However, Grandmother has raised only two issues in her appellate brief. First, she claims the district court erred in refusing to review the magistrate's order approving the emergency removal of D.M.M. from Grandmother's home. Second, she claims the district court erred in determining that SRS had performed reasonable efforts to find D.M.M. an adoption placement and in denying Grandmother's request to place D.M.M. back with Grandmother or with another family member for adoption.

Before we can address the merits of Grandmother's claims, we must determine whether this court has jurisdiction over Grandmother's appeal. SRS argues this court does not have jurisdiction to consider the appeal. Specifically, SRS argues Grandmother does not have statutory authority under K.S.A. 2006 Supp. 38-2273 to appeal the challenged orders of the district court.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Appellate courts have only such jurisdiction as is provided by law. The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. It is an appellate court's duty to dismiss an appeal when the record discloses a lack of jurisdiction. *In re Condemnation of Land v. Stranger Valley Land Co.*, 280 Kan. 576, 578, 123 P.3d 731 (2005).

The Revised Kansas Code for Care of Children (Code) (K.S.A. 2006 Supp. 38-2201 *et seq.*) became effective on January 1, 2007. L. 2006, ch. 200, sec. 121. Appeals under the Code were previously governed by K.S.A. 38-1591. Under the Revised Code, appeals are governed by K.S.A. 2006 Supp. 38-2273. However, the language of the two statutes is identical. K.S.A. 2006 Supp. 38-2273(a) provides that "[a]n appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights."

Grandmother was granted interested party status by the district court, so she has standing to appeal under the Code. However, in

order for this court to have jurisdiction over Grandmother's appeal, the orders being appealed must be one of the four types of appealable orders under K.S.A. 2006 Supp. 38-2273(a), *i.e.*, temporary custody, adjudication, disposition, or termination of parental rights. Resolution of this issue requires statutory interpretation. The interpretation of a statute is a question of law over which an appellate court has unlimited review. *Dickerson v. Schroeder*, 281 Kan. 661, 663, 132 P.3d 929 (2006).

"The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. Courts presume that the legislature expressed its intent through the language of the statutory scheme. When the language of a statute is plain and unambiguous, a court must construe the statute to give effect to the legislature's intent as expressed rather than determine what the law should or should not be." 281 Kan. at 663.

The orders Grandmother is attempting to appeal do not address temporary custody. Under the Code, a temporary custody order identifies who will have temporary custody of a child who needs protection. See K.S.A. 2006 Supp. 38-2242; K.S.A. 2006 Supp. 38-2243. Here, the district court issued a temporary custody order on April 16, 2002, that placed D.M.M. in SRS's custody. After terminating Mother's parental rights, the court permanently placed D.M.M. in SRS's custody. The orders Grandmother is attempting to appeal concern *placement* of D.M.M. after parental rights were terminated, but the orders being appealed do not concern the *custody* of D.M.M., temporary or otherwise. Grandmother was never granted temporary custody of D.M.M. at any time in the proceedings.

The terms adjudication, disposition, and termination of parental rights are all terms of art under the Code, each carrying its own meaning and each occurring in a certain sequence. *In re S.C.*, 32 Kan. App. 2d 514, Syl. ¶ 7, 85 P.3d 224 (2004). Under the Code, an adjudication only refers to a determination that a child is in need of care. K.S.A. 2006 Supp. 38-2251. D.M.M. was adjudicated a child in need of care on June 3, 2002. Neither of the orders Grandmother is appealing is an adjudication order.

A disposition under the Code refers to the court order concerning custody after a child has been adjudicated a child in need of

care. K.S.A. 2006 Supp. 38-2255. After adjudicating D.M.M. a child in need of care, the district court held a disposition hearing on June 24, 2002. The district court placed D.M.M. in SRS custody and found at that time that it was in D.M.M.'s best interests to live with Grandmother. The orders Grandmother is attempting to appeal are not orders of disposition.

The orders being appealed are clearly not a finding of unfitness or termination of parental rights. This procedure is governed by K.S.A. 2006 Supp. 38-2266 *et seq*. Here, Mother and Father were found to be unfit and their parental rights were terminated on December 16, 2003. In fact, the motion to terminate parental rights was filed by Grandmother, and obviously Grandmother is not appealing the district court's ruling on that motion.

The orders Grandmother is attempting to appeal can best be characterized as orders regarding change in placement. K.S.A. 2006 Supp. 38-2258 and K.S.A. 2006 Supp. 38-2259 detail the procedure SRS and district courts should follow when there is a change in placement, as there was in this case. However, it is clear that the orders Grandmother is attempting to appeal do not fit within one of the four types of appealable orders under K.S.A. 2006 Supp. 38-2273(a). If the legislature had intended to allow an order regarding a change in placement to be appealable, the legislature could have easily listed this as an appealable order under the statute.

Grandmother acknowledges that K.S.A. 2006 Supp. 38-2273(a) is problematic to her right to appeal, but she points out this court has exercised jurisdiction in other cases similar to her case. See *In re M.R.*, 36 Kan. App. 2d 837, 146 P.3d 229 (2006); *In re D.C.*, 32 Kan. App. 2d 962, 92 P.3d 1138 (2004). Both these cases involve disputes over the placement of a child for adoption after termination of parental rights. See also *In re D.D.P.*, 249 Kan. 529, 819 P.2d 1212 (1991) (Supreme Court exercised jurisdiction over appeal of district court order denying CASA interested party status).

Even though it appears that the orders in these cases were not appealable orders under the Code, the appellate courts considered the appeals without addressing the issue of jurisdiction. It appears that neither the parties nor the appellate courts realized there was

a potential jurisdiction problem in any of the cases. Regardless of the appellate courts' actions in these cases, this court is "bound by the Code and its provisions concerning appeals." *S.C.*, 32 Kan. App. 2d at 518. The right to appeal is entirely statutory and appellate courts have only such jurisdiction as is provided by law. It is an appellate court's duty to dismiss an appeal when the record discloses a lack of jurisdiction. *In re Stranger Valley Land Co.*, 280 Kan. at 578.

We conclude there is no appealable order in this case, and this court does not have jurisdiction over Grandmother's appeal. As Grandmother notes in her brief, this may appear to be a harsh or unfair result because it leaves someone in Grandmother's situation without an appealable remedy. However, this is a problem only the legislature can address. Because Grandmother does not have statutory authority under K.S.A. 2006 Supp. 38-2273(a) to appeal the challenged orders of the district court, we decline to address the merits of Grandmother's appeal.

Appeal dismissed.