172 P.3d 63 (2007)
In the Interest of A.F., A Minor Child Born 11-07-04.
No. 97,929.
Court of Appeals of Kansas.
December 7, 2007.
*64 Angela J. Lawson, of Kansas City, for appellant.
Victoria S. Meyer, Assistant District Attorney, Jerome Gorman, District Attorney, Paul J. Morrison, Attorney General, and William D. Peters, Jr., of Kansas City, for appellee.
Before CAPLINGER, P.J., ELLIOTT and LEBEN, JJ.
LEBEN, J.
Cases that involve children are challenging for everyone. The children must be protected. Their rightsas well as those of the parents and others with an interest in themmust be protected. And the legal process must move with some dispatch so that disputes may be resolved within a reasonable time frame, even as time is perceived by a child.
Our challenge here is to decide whether the dispute presented to us may even be heard in our appellate court at all. The child in this case, 3-year-old A.F., was placed into the custody of the Kansas Department of Social and Rehabilitation Services (SRS) on the day she was born. The district court found an emergency situation existed because A.F.'s mother did not have a fit home to bring her new daughter home to. A.F. has remained in SRS custody ever since.
The rights of A.F.'s parents were terminated in March 2006 when A.F. was 16 months old. The court granted custody to SRS, giving it the authority to find an adoptive home for A.F. and to approve that adoption: K.S.A. 38-1584(b)(1)(A) provides in this circumstance that SRS may "give consent for the legal adoption of the child[,] which shall be the only consent required to authorize the entry of an order or decree of adoption." Even after custody is given to SRS for the purpose of arranging a child's adoption, though, the district court retains a supervisory role to make sure that reasonable efforts are made toward that end by SRS. See K.S.A. 38-1584(d).
SRS initially considered A.F.'s paternal grandmother, S.W., as a potential adoptive parent. SRS placed A.F. with the grandmother from May 2005 until August 2006. SRS then decided instead to place A.F. with a foster family for potential adoption. The grandmother asked for a court hearing to challenge this SRS decision. We have previously held that interested parties have a right to a hearing in the district court to review SRS placement decisions. In re *65 M.R., 36 Kan.App.2d 837, 146 P.3d 229 (2006); In re D.C., 32 Kan.App.2d 962, 92 P.3d 1138 (2004). And a hearing was provided to the grandmother in our case too. The district court found that the grandmother had not shown that she had been unfairly excluded from consideration by SRS as an adoptive parent for A.F. As a result of that decision, A.F. remained with the foster family, who had already adopted A.F.'s half-sister, who is now age 2 and unrelated to the paternal grandmother of A.F.
The grandmother has appealed the district court's decision that overruled her objection to this placement decision to our court. Upon initial review of the case file, we noted that another panel had recently heard a very similar case and had dismissed it for lack of jurisdiction. See In re D.M.M., 38 Kan. App.2d 394, 166 P.3d 431 (2007).
The right to appeal is purely statutory, and an appellate court has a duty to question jurisdiction on its own initiative. An appeal must be dismissed if the record shows that the appellate court does not have jurisdiction. Alliance Mortgage Co. v. Pastine, 281 Kan. 1266, 1271, 136 P.3d 457 (2006). Because of D.M.M., we issued a show-cause order to the parties here to address the jurisdiction issue.
The grandmother noted in her response that jurisdiction appeared to have been exercised in similar cases in the past, citing In re M.R.; In re D.C.; and In re D.D.P., Jr., 249 Kan. 529, 819 P.2d 1212 (1991). Indeed, the M.R. and D.C. cases were like both our case and D.M.M.: all involved a challenge to a change of placement of a child for adoption after termination or relinquishment of parental rights. In all of these cases, custody had been awarded to SRS, which was authorized to move toward adoption. But the only discussion of jurisdiction in the appellate decisions before D.M.M. related to whether the district court had jurisdiction, not whether there was appellate jurisdiction. In re M.R., 36 Kan.App.2d at 839-40, 146 P.3d 229 (noting circumstances in which the district court is authorized by statute to consider whether a change in the placement made by SRS is in the best interests of the child); In re D.C., 32 Kan.App.2d at 965-67, 92 P.3d 1138 (holding that district court has authority to review placement decisions made by SRS in cases of voluntary relinquishment as well as termination of parental rights). The other case cited by the grandmother, D.D.P., Jr., is not factually similar to our case, and it too offers no separate discussion of appellate jurisdiction. Thus, the panel in D.M.M. rightly concluded that the question of appellate jurisdiction had neither been considered nor decided in the cited cases.
S.W.'s appeal was filed January 10, 2007, just after the Revised Kansas Code for Care of Children went into effect. We have referred to the pre-2007 Code provisions thus far because they were in effect when the events that we have discussed took place before the district court. We shift now to the current Code, effective January 1, 2007, though the provision authorizing appeals has not changed in any way decisive for the case before us.
The Revised Kansas Code for Care of Children, K.S.A.2006 Supp. 38-2201 et seq., allows for appeals by any interested party "from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." K.S.A.2006 Supp. 38-2273(a). The key words found here are terms of art, defined by this comprehensive statute. In re T.D.W., 18 Kan.App.2d 286, Syl. ¶ 3, 850 P.2d 947 (1993).
The order at issue here was neither an adjudication, a disposition, nor a finding of unfitness. An adjudication refers to a determination that a child is in need of care, K.S.A.2006 Supp. 38-2251, which had occurred for A.F. back in 2004. Unfitness refers to a basis for termination of a parent's rights, K.S.A.2006 Supp. 38-2269, which had occurred for A.F.'s parents in 2006. A disposition refers to a court order regarding custody after a child has been adjudicated as a child in need of care. K.S.A.2006 Supp. 38-2255. Both when A.F. was adjudicated in need of care in 2004 and when the rights of her parents were terminated in 2006, the court granted custody to SRS. Any appeal of those dispositional custody orders had to be filed within 30 days, K.S.A.2006 Supp. 38-2273(c) *66 and K.S.A. 60-2103(a), and the grandmother did not appeal those orders.
The grandmother might argue that since the grant of custody to SRS was for custody pending adoption, it was not permanent and thus should be considered a "temporary custody" order under the statute. But temporary custody orders are those that identify who will have temporary custody of a child in need of care following a hearing required to be held quite early in the process, K.S.A.2006 Supp. 38-2243, and they are superseded by the orders of custody that come at disposition. In any case, custody of A.F. was granted continuously to SRS from the time of her birth to the present day. The order from which the grandmother appeals did not change custody, so a statute granting jurisdiction over appeals of custody orders of any stripe cannot provide jurisdiction here.
Our conclusion that the grandmother's appeal does not fall within any of the four categories listed in the statute is also supported by another provision in the Revised Kansas Code for Care of Children. K.S.A.2006 Supp. 38-2258 explicitly provides for a hearing in the district court when SRS makes a change in placement from the home of a relative to a different placement. This new provision clarifies the right that had been previously identified in K.S.A. 38-1566 and interpreted in the M.R. and D.C. cases. But the listing of the types of orders from which appeals may be filed was not expanded in K.S.A.2006 Supp. 38-2273(a) from its predecessor, K.S.A. 38-1591(a), and neither list includes appeals from orders regarding placement. Thus the legislature has explicitly provided in the Revised Code for a hearing in the district court at which a challenge to a change in placement by SRS may sometimes be heard, but it has not provided any right to appeal the decision made at that hearing.
In addition, the Revised Code exempts from this hearing requirement a "move . . . to the selected preadoptive family for the purpose of facilitating adoption." K.S.A.2006 Supp. 38-2258(a). This provision is consistent with the separate statutory authority for SRS to consent to post-termination adoptions without the need for court approval. K.S.A. 2006 Supp. 38-2270(a)(1); see also K.S.A. 38-1584(b)(1)(A) (repealed effective January 1, 2007). It would be odd indeed if we were to interpret K.S.A.2006 Supp. 38-2273(a) to include a right to appeal placement decisions like the grandmother's here when K.S.A.2006 Supp. 38-2258(a) appears to exclude such cases from even the right to a hearing in the district court.
We simply cannot create a new category of appeals so that appeals like this one may be heard. Nor should we. The legislature has worked hard to create a comprehensive Code for Care of Children. It has attempted to balance the protection of the rights of children, parents, and other interested parties against the need for speed sufficient to ultimately allow children to move on and live their lives. We respect the choice the legislature has made here, and we therefore dismiss this appeal for lack of jurisdiction.
Appeal dismissed.