275 P.3d 67 (2012)
In the Interest of C.E., DOB: XX/XX/1992, a Female.
No. 105,585.
Court of Appeals of Kansas.
April 27, 2012.
*68 Roberta Sue McKenna, of Kansas Department of Social and Rehabilitation Services, for appellant.
Cheryl M. Pierce, assistant county attorney, for appellee.
Before ARNOLD-BURGER, P.J., MALONE and HILL, JJ.
*69 ARNOLD-BURGER, J.
In order to appeal a case brought under the Revised Kansas Code for Care of Children, K.S.A. 2010 Supp. 38-2201 et seq., one must be a party or an interested party in the case. In addition, only certain orders are appealable. K.S.A. 2010 Supp. 38-2273. The Secretary of Social and Rehabilitation Services (SRS) appealed a placement order made by a magistrate judge to the district court. The district court found that it lacked jurisdiction to hear SRS's appeal because SRS was neither a party nor an interested party as defined by the statute, nor was a placement order an appealable order. SRS appeals the district court's denial of its appeal. Because we likewise find that we lack jurisdiction to consider an appeal of a placement order by a nonparty, we are required to dismiss this appeal.

FACTUAL AND PROCEDURAL HISTORY
C.E. was declared a child in need of care (CINC) under the Revised Kansas Code for Care of Children and placed in the custody of SRS. See K.S.A. 2010 Supp. 38-2201 et seq. C.E. repeatedly ran away from her placement locations. The magistrate judge filed an order requiring C.E. to remain in placement. The judge informed C.E. that if she violated this order, she could be placed in a secure care facility. C.E. violated the order by running away from her placement. As promised, the judge ordered C.E. to be placed in a secure care facility for 30 days. After the 30 days, C.E. was to return to the custody of SRS for further out-of-home placement and SRS was to pay for all costs pertaining to C.E.'s detention in the secure care facility.
SRS appealed the magistrate judge's order that SRS was required to pay for all costs associated with C.E.'s detention at the secure care facility. SRS claimed the judge's order did not comply with K.S.A. 2010 Supp. 38-2260(f)(2), because it "ordered" instead of "authorized" placement in a secure care facility. Therefore, SRS contended that it was not required to pay the costs of C.E.'s detention. The district court denied SRS's appeal for lack of jurisdiction. SRS appeals.

WE LACK JURISDICTION TO HEAR AND DECIDE THIS APPEAL
We must first determine if we have jurisdiction to hear this appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. If the record shows that the appellate court does not have jurisdiction, the appeal must be dismissed. Kansas Medical Mut. Ins. Co. v. Svaty, 291 Kan. 597, 609, 244 P.3d 642 (2010).
The right to appeal is entirely statutory, and we only have jurisdiction to entertain an appeal if the appeal is taken in the manner prescribed by the applicable statutes. Board of Sedgwick County Comm'rs v. City of Park City, 293 Kan. 107, 111, 260 P.3d 387 (2011). So we begin by examining the statute. The interpretation of a statute is a question of law over which an appellate court has unlimited review. Unruh v. Purina Mills, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009).
The Revised Kansas Code for Care of Children is the exclusive statutory authority for CINC cases. See K.S.A. 2010 Supp. 38-2203(a) ("Proceedings concerning any child who may be a child in need of care shall be governed by this code ..."). K.S.A. 2010 Supp. 38-2273(a) sets forth the procedure and requirements for an appeal brought in a CINC case. It provides that "[a]n appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." So there are two requirements in order for this court to have jurisdiction over an appeal in a CINC case. First, the person or agency appealing an order must be a party or an interested party. Second, the only appealable orders are those regarding temporary custody, adjudication, disposition, finding of unfitness, or termination of parental rights. K.S.A. 2010 Supp. 38-2273(a).

Party or interested party
Both parties to this appeal agree that SRS was neither a party nor an interested party in the ongoing CINC case and this is consistent with the clear language of the statute.
*70 Under K.S.A. 2010 Supp. 38-2202(v), "`[p]arty' means the state, the petitioner, the child, any parent of the child and an Indian child's tribe intervening pursuant to the Indian child welfare act." Although SRS is an agency of the State, it is the county or district attorney who represents the State at all stages of CINC proceedings. K.S.A. 2010 Supp. 38-2214. SRS is merely the referring agency. K.S.A. 2010 Supp. 38-2233. In addition, "Secretary" is separately defined in the same definitional section as the "secretary of social and rehabilitation services." K.S.A. 2010 Supp. 38-2202(bb). "Secretary" is not included under the definition of "party." It is clear that SRS is not a "party" as defined by the statute.
SRS is also not an "interested party" as that term is defined at K.S.A. 2010 Supp. 38-2202(m):
"`Interested party' means the grandparent of the child, a person with whom the child has been living for a significant period of time when the child in need of care petition is filed, and any person made an interested party by the court pursuant to K.S.A. 2010 Supp. 38-2241, and amendments thereto or Indian tribe seeking to intervene that is not a party."
SRS was not made an interested party by the court pursuant to K.S.A. 2010 Supp. 38-2241. See In re H.R.B., 30 Kan.App.2d 599, Syl. ¶ 1, 43 P.3d 887 (2002) (finding that SRS is generally not an interested party in a CINC proceeding).
Because SRS is neither a party nor an interested party, it does not have standing to bring an appeal under K.S.A. 2010 Supp. 38-2273. Moreover, even though SRS agrees that it is not a party or interested party, it does not indicate under what statutory authority it acquires a right to appeal in this case, nor are we able to locate any. We are instead referred to In re M.K.D., 21 Kan. App.2d 541, 545, 901 P.2d 536 (1995), in support of its position that SRS is able to appeal even though it is not a party. But such an argument overstates this court's holding in In re M.K.D.
M.K.D. was a juvenile who had been adjudicated in two separate prior proceedings as having committed acts that would constitute felonies if committed by an adult. Therefore, under the definition of "juvenile offender" in effect at that time, M.K.D. no longer fit the definition of a juvenile offender under the Kansas Juvenile Justice Code. 21 Kan.App.2d at 542, 901 P.2d 536. However, for reasons not stated in the opinion, when he was arrested on yet a third felony, M.K.D. was taken before the Cowley County District Court, where he was adjudged a juvenile offender. M.K.D.'s case was transferred to Woodson CountyM.K.D.'s home countyfor a dispositional hearing as required by K.S.A. 38-1605. The Woodson County magistrate judge ordered M.K.D. placed in the Youth Center in Topeka. SRS filed a notice of appeal from the magistrate's decision to the Woodson County District Court arguing that the court lacked jurisdiction over M.K.D. because he could no longer be classified as a juvenile offender. SRS asked the Woodson County District Court to find the Cowley County District Court judgment to be void because the court lacked subject matter jurisdiction. The Woodson County District Court agreed and found the Cowley County District Court order to be void.
The State contended that because SRS was not a party to the proceeding, it had no standing to challenge the Cowley County District Court adjudication. We found that SRS was merely attempting to bring the jurisdictional defect to the court's attention and, while "appeal" may not have carried the correct label for a document filed by a nonparty, any error in labeling was harmless. We noted that the filing by SRS was not really an appeal and would have been more accurately titled "`Notice of Prior Adjudications.'" 21 Kan.App.2d at 546, 901 P.2d 536. But regardless of whether it was designated an "appeal" or not, the court had the responsibility to examine its own jurisdiction independent of anything from SRS, so any error was harmless. We did not specifically address the failure to comply with the appeal statute under the Kansas Juvenile Justice Code, K.S.A. 38-1681. We also noted that SRS could have filed an independent civil action to bar the magistrate judge from sending a nonjuvenile offender to a youth center. 21 Kan.App.2d at 546, 901 P.2d 536.
*71 So contrary to SRS's assertion, In re M.K.D. does not stand for the proposition that SRS has standing to appeal a judge's ruling in a CINC case even though it is neither a party nor an interested party under the statute. The facts of In re M.K.D. were very unique, arose under a different statutory schemethe Kansas Juvenile Justice Codeand are clearly distinguishable from this case. In this case, the district court recognized from the outset that SRS was not a proper party to appeal a placement order under the Revised Kansas Code for Care of Children.
In addition, SRS argues that because it was a nonparty, the magistrate judge had no authority to order SRS to do anything and that an appeal is its only means of redress. We disagree. As previously stated, SRS is a referring agency in CINC cases and the county or district attorney represents the interests of the State. Although there is a provision in K.S.A. 2010 Supp. 38-2214 allowing the attorneys for the secretary to perform the duties of the county or district attorney in CINC cases anytime after disposition if there is a written agreement to that effect, there is no evidence of any such agreement in this case. Therefore, if SRS was dissatisfied with any ruling by the judge, it was required to bring its concerns to the county attorney to present to the court. Accordingly, the county attorney could have filed a motion to reconsider with the court under K.S.A. 2010 Supp. 38-2256, or, if it was an appealable order, the county attorney could have appealed the magistrate court's order, but SRS had no independent authority to do so.
Moreover, as we stated in In re M.K.D., SRS could file an independent civil action to challenge the magistrate court's order. For example, one approved method would be filing a petition for a writ of mandamus, which is a proceeding to compel some inferior court to perform a specified duty, which duty results from the operation of law. K.S.A. 60-801. Mandamus is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business. In re Administration of Justice in the 18th Judicial District, 269 Kan. 865, 871, 9 P.3d 28 (2000). Mandamus has been recognized as a means for nonparties to address court orders directed to them from which they have no statutory right to appeal. Svaty, 291 Kan. at 618, 244 P.3d 642 (discovery order directed to nonparty).
Finally, we recognize that there are published cases from this court that seem to allow SRS to appeal in this situation. See In re J.L., 21 Kan.App.2d 878, 908 P.2d 629 (1995), rev. denied 259 Kan. 928 (1996) (county attorney brought action in CINC case moving the court to order SRS to reimburse the county for periods of detention, SRS appealed the order); In re T.D., 27 Kan. App.2d 331, 3 P.3d 590, rev. denied 269 Kan. 933 (2000) (SRS appealed district court order requiring child in a CINC case to see a particular counselor and requiring SRS to pay for counseling). But it does not appear that the statutory authority of SRS to appeal was ever challenged in these cases, as it is here. In fact, SRS may have taken on the role of the State by separate written agreement as set out in K.S.A. 2010 Supp. 38-2214, thus becoming a proper party. We are unable to determine SRS's status from the opinions. Therefore, we cannot draw any conclusions from them.
Accordingly, because SRS is neither a party nor an interested party in this case under K.S.A. 2010 Supp. 38-2273(a), it has no standing to appeal and this court lacks jurisdiction. But even if SRS was considered an interested party, we would still conclude this court has no jurisdiction because of the second requirement in the statute.

Appealable Orders
K.S.A. 2010 Supp. 38-2273 provides that the only appeals which may be taken under the Revised Kansas Code for Care of Children (Code) are from an order of temporary custody, adjudication, disposition, finding of unfitness, or termination of parental rights. If the order here does not fit into one of those five categories, the order, by statute, is not appealable. We find that the order at issue here was not one of the statutorily enumerated orders, but was instead a placement *72 order. We examine the definitions of each.
According to K.S.A. 2010 Supp. 38-2242 and K.S.A. 2010 Supp. 38-2243, a "temporary custody order" identifies the person or agency that will have temporary custody of a child after the court determines that the child needs protection. This was done in C.E.'s case on January 21, 2009.
"The terms adjudication, disposition, and termination of parental rights are all terms of art under the Code, each carrying its own meaning and each occurring in a certain sequence. [Citation omitted.]" In re D.M.M., 38 Kan.App.2d 394, 398, 166 P.3d 431 (2007). Under K.S.A. 2010 Supp. 38-2251, "adjudication" refers to a determination that a child is in need of care, which occurred for C.E. on January 21, 2009. See In re D.M.M., 38 Kan.App.2d at 398, 166 P.3d 431.
A "disposition" refers to the court's custody order after a child has been adjudicated a child in need of care under K.S.A. 2010 Supp. 38-2255. See In re D.M.M., 38 Kan.App.2d at 398-99, 166 P.3d 431. This occurred on January 21, 2009, in C.E.'s case. Although SRS makes the argument that the magistrate court's order was a disposition order because it may have taken custody away from SRS, SRS fails to acknowledge that an "order of disposition" in the Code specifically refers to an order that is "entered within 30 days following adjudication, unless delayed for good cause shown." K.S.A. 2010 Supp. 38-2253(b). The order SRS is attempting to appeal was made on July 6, 2010, well after 30 days from the date of the adjudication.
A "finding of unfitness" refers to one reason for terminating parental rights under K.S.A. 2010 Supp. 38-2269. There is no indication in the record that this occurred in C.E.'s case. In addition, "termination of parental rights" is controlled by K.S.A. 2010 Supp. 38-2266. It is obvious that the placement order at issue did not involve a finding of unfitness or the termination of the parental rights of C.E.'s parents.
Instead, the order from which SRS attempts to appeal was a placement order under the authority of K.S.A. 2010 Supp. 38-2260(f)(2). The court entered an "Order to Remain in Placement Pursuant to K.S.A. 38-2260." Subsequently, following an evidentiary hearing, the court found that C.E. had violated the order of placement by running away and "ordered" C.E. placed in a secure care facility. Contrary to the argument propounded by SRS on appeal, whether this placement order met the requirements of K.S.A. 2010 Supp. 38-2260(f)(2) when it "ordered" instead of "authorized" placement in a secure care facility does not change the nature of the proceeding. Placement orders are not listed as appealable orders under K.S.A. 2010 Supp. 38-2273. As this court stated in In re A.F., 38 Kan.App.2d 742, 746, 172 P.3d 63 (2007), "[w]e simply cannot create a new category of appeals so that appeals like this one may be heard. Nor should we."
In summary, because SRS is neither a party nor an interested party as those terms are statutorily defined, it had no standing to appeal in this CINC case. Moreover, even if it were a party or interested party, the order SRS is attempting to appeal is not one of the five types of appealable orders enumerated in K.S.A. 2010 Supp. 38-2273. Accordingly, this court does not have jurisdiction to decide this appeal.
Appeal dismissed.