Nos. 113,315
113,316
113,317

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of
A.S., R.J.S., and N.A.S.

SYLLABUS BY THE COURT

1.

The right to appeal is only that right provided by statute.

2.

Under the Revised Kansas Code for Care of Children, K.S.A. 2014 Supp. 38-2273(a) is a specific statute controlling the right to appeal. It limits appealable orders to five types: temporary custody, adjudication, disposition, finding of unfitness, or termination of parental rights.

3.

K.S.A. 2014 Supp. 38-2273(a) does not provide the right to appeal the *denial* of a motion to terminate parental rights.

Appeal from Miami District Court; RICHARD M. SMITH, judge. Opinion filed December 11, 2015. Appeal dismissed.

*Jason A. Oropeza*, assistant county attorney, *Elizabeth Sweeney-Reeder*, county attorney, and *Steven M. Ellis*, guardian ad litem, for appellant.

*Richard M. Fisher, Jr*., of Richard M. Fisher, Jr. LLC, of Osawatomie, for appellee natural mother.

1

*Glen E. Sharp, II*, of Paola, for appellee natural father.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

SCHROEDER, J.: The State appeals the denial of its motion to terminate the parental rights of R.S. (natural father) and E.S. (natural mother) as to their three children. R.S. and E.S. object to the State's appeal, claiming this court does not have jurisdiction. In response, the State claims K.S.A. 2014 Supp. 38-2273(a) provides it with jurisdiction to appeal. We find K.S.A. 2014 Supp. 38-2273(a) is a specific statute governing the right to appeal and does not provide the State authority to appeal the denial of its motion to terminate parental rights. With this determination, we decline to address the other issues raised on appeal and dismiss this appeal for lack of jurisdiction.

## FACTS

A.S., R.J.S, and N.A.S. were adjudicated children in need of care (CINC)—a finding not challenged on appeal. The State believed the reintegration plan failed and filed a motion to terminate the parental rights of R.S. and E.S. The district court denied the State's motion. The State now appeals pursuant to K.S.A. 2014 Supp. 38-2273(a). Given our determination the State has no statutory right to appeal, we will dispense with a long replay of the facts and only provide them where necessary.

Based on K.S.A. 2014 Supp. 38-2269, the district court found this particular case presented factual circumstances not contemplated by the termination statute. The district court found R.S. had completed all the tasks on his reintegration plan and demonstrated to the district court that he had adjusted his conduct and circumstances. Based on R.S.'s adjustment of his conduct and circumstances, the district court denied the State's motion to terminate his parental rights.

2

As to E.S., the district court found she had failed to participate in a plan of reintegration. While the district court found the evidence clearly supported a finding of unfitness, the district court also found there was no credible evidence that it was in the children's best interests to terminate E.S.'s parental rights.

The State filed a motion to reconsider which was denied. The State timely appealed the district court's denial of its motion to terminate the parental rights of E.S. and R.S. For purposes of this appeal, case Nos. 113,315, 113,316, and 113,317 were consolidated under case No. 113,315.

ANALYSIS

*Does the State have statutory authority to appeal?*

On appeal, E.S. and R.S. argue this court does not have jurisdiction because the State has no statutory right to appeal the district court's denial of its motion to terminate parental rights. E.S. and R.S. contend that the Kansas Supreme Court clearly overruled a prior Kansas Court of Appeals case allowing an appeal by the State of a district court's denial of the termination of parental rights under K.S.A. 2014 Supp. 38-2273(a). *In re N.A.C.,* 299 Kan. 1100, 329 P.3d 458 (2014).

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009).

3

"Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right. The only reference in the Kansas Constitution to appellate jurisdiction demonstrates this principle, stating the Kansas Supreme Court shall have 'such appellate jurisdiction as may be provided by law.' Kan. Const., art. 3, § 3. Under this provision, this court may exercise jurisdiction only under circumstances allowed by statute; this court does not have discretionary power to entertain appeals from all district court orders. [Citations omitted.]" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

See *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

Under the Revised Kansas Code for Care of Children (Code), K.S.A. 2014 Supp. 38-2273(a) is a specific statute controlling the right to appeal in CINC proceedings. It provides that "[a]n appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." Another panel of this court previously found that the State qualified as an interested party under the statute, and "an appeal from the denial of a motion to terminate parental rights is appealable as an order of disposition." *In re T.D.W.*, 18 Kan. App. 2d 286, Syl. ¶ 4, 850 P.2d 947 (1993). R.S. and E.S. argue *In re N.A.C.* overrules this interpretation and strictly limits appealable orders to the five categories listed in K.S.A. 2014 Supp. 38-2273(a).

The Kansas Supreme Court and the Kansas Court of Appeals have consistently held disposition is a term of art within the Code. See *In re N.A.C.*, 299 Kan. at 1116; *In re S.C.*, 32 Kan. App. 2d 514, Syl. ¶ 7, 85 P.3d 224 (2004). The Supreme Court defined a disposition order pursuant to K.S.A. 2014 Supp. 38-2255 and K.S.A. 2014 Supp. 38-2256 as an order made within 30 days of adjudication that determines placement of the child or any other order entered during the process of managing the child's placement until the order terminating parental rights is entered. See *In re N.A.C.*, 299 Kan. at 1120. The court further clarified that a dispositional hearing requires the district court to "weigh whether

4

the parent should have custody and, if not, whether reintegration is possible." *In re N.A.C.*, 299 Kan. at 1121.

On a motion to terminate parental rights, the district court weighs the evidence to determine whether the moving party has met its burden of proof by clear and convincing evidence and whether it is in the best interests of the child to warrant termination of parental rights. Here, K.S.A. 2014 Supp. 38-2273(a) clearly reflects the motion to terminate parental rights is appealable, but the statute does not contain any language reflecting that the denial of the motion to terminate parental rights is appealable. In our opinion, granting the State the right to appeal the denial of a motion to terminate parental rights reads something into K.S.A. 2014 Supp. 38-2273(a) that is not there and is not based on a plain reading of the statute. The denial of a motion to terminate parental rights is not a final order, whereas granting a motion to terminate parental rights is a final order. Once a motion to terminate parental rights has been denied, a new motion can be filed and "[f]uture changes that would justify reviewing evidence considered in prior termination proceedings could be triggered by nothing more than a continued course of conduct." *In re A.S.*, 12 Kan. App. 2d 594, 602, 752 P.2d 705 (1988). Contra *In re T.D.W.*, 18 Kan. App. 2d at 289 (the decision based on those exact circumstances is final as to the State and is appealable).

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Cady v. Scholl*, 298 Kan. 731, 734, 317 P.3d 90 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams,* 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is

not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). We find no ambiguity in K.S.A. 2014 Supp. 38-2273(a). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Phillips*, 299 Kan. at 495.

As previously mentioned, in 1993 a prior panel of this court found that the denial of a motion to terminate appeared to be a dispositional order that was appealable. *In re T.D.W.*, 18 Kan. App. 2d at 288. Since 1993, our Supreme Court has changed the way legislation is to be analyzed and applied. When *In re T.D.W.* was decided, legislative intent was to be determined from a general consideration of the entire Act. See *State v. Sims*, 254 Kan. 1, 10, 862 P.2d 359 (1993). We are now required to look for the plain meaning of the statute and not speculate about legislative intent. See *Cady*, 298 Kan. at 738-39. Here, the statute at issue—K.S.A. 2014 Supp. 38-2273(a)—describes five specific types of appealable orders: temporary custody, adjudication, disposition, finding of unfitness, or termination of parental rights. Nowhere in the statute does it provide the right to appeal when a motion to terminate parental rights has been denied. To reach its determination, the *In re T.D.W.* panel had to read something into the statute to determine that the denial of a motion to terminate was a dispositional order.

The courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014); *Milano's Inc. v. Kansas Dept. of Labor,* 296 Kan. 497, 501, 293 P.3d 707 (2013). "Statutes pertaining to adoption, relinquishment, or termination of parental rights are strictly construed as they all affect a parent's liberty interest in the custody and control of his or her children." *In re J.A.C.*, 22 Kan. App. 2d 96, 100-01, 911 P.2d 825 (1996) (citing *In re A.W.*, 241 Kan. 810, 814-15, 740 P.2d 82 [1987]). Whether K.S.A. 2014 Supp. 38-2273(a) should be modified to allow the State to appeal the denial of a motion to terminate is a question for the legislature, not

this court. The legislature has the authority to afford the State that right by amending K.S.A. 2014 Supp. 38-2273(a) to provide a district court decision either granting or denying a motion to terminate parental rights may be appealed—something the statute plainly does not now permit.

We find no support in K.S.A. 2014 Supp. 38-2273(a) giving the State the right to appeal the denial of a motion to terminate parental rights. Since we are without jurisdiction to proceed, we decline to address the other issues raised by the State, E.S., and R.S. We dismiss the appeal.

Appeal dismissed.