NOT DESIGNATED FOR PUBLICATION

No. 116,821

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of M.H.D., K.S.D., and O.H.D.,
Minor Children.

MEMORANDUM OPINION

Appeal from Johnson District Court; KATHLEEN SLOAN, judge. Opinion filed July 14, 2017.
Appeal dismissed.

*Richard P. Klein*, of Olathe, for appellant natural mother.

*Jacob M. Gontesky*, assistant district attorney, and *Stephen M. Howe*, district attorney, for
appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge,
assigned.

*Per Curiam*: After Mother's children were adjudicated to be children in need of
care and placed in the temporary custody of the State, the district court entered an order
of disposition that included an order for the children to receive physician-recommended
vaccinations. When Mother objected on religious grounds, the court allowed Mother to
submit a written statement detailing her religious objections. After a later hearing, where
the district court reviewed Mother's written statement and afforded her the opportunity to
present additional argument, the court ordered that the children be immunized pursuant to
K.S.A. 2016 Supp. 38-2217(a)(3)(D). Mother appeals from the court's decision, arguing
that (1) the district court's immunization order violated her constitutional and statutory
rights to the free exercise of religion and (2) the district court violated her constitutional

1

due process rights when it denied her request to an evidentiary hearing on the issue. Because we lack jurisdiction to consider the issues raised by Mother, we must dismiss her appeal.

Whether jurisdiction exists is a question of law over which appellate courts have unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). To the extent resolution of this issue will involve the interpretation of a statute, this also presents a question of law subject to unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

Mother claims that jurisdiction is conferred under either of two statutes. First, Mother argues jurisdiction exists under K.S.A. 2016 Supp. 60-2102(a)(2), which allows an appeal from an order that "grants, continues, modifies, refuses or dissolves an injunction." But our Supreme Court has held that K.S.A. 2016 Supp. 38-2273(a)—the more specific provision found in the Revised Kansas Code for Care of Children (the Code)—governs appeals from decisions under the Code, not K.S.A. 2016 Supp. 60-2102. *In re N.A.C.*, 299 Kan. 1100, 1108-09, 329 P.3d 458 (2014).

Mother also argues that jurisdiction exists under K.S.A. 2016 Supp. 38-2273(a), the specific provision which sets forth the procedure and requirements for an appeal in a child in need of care case. K.S.A. 2016 Supp. 38-2273(a) specifies five categories of appealable orders under the Code. This subsection of the statute provides: "An appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." K.S.A. 2016 Supp. 38-2273(a). Mother argues that jurisdiction exists in this case because the

2

district court's immunization order initially was entered as part of the children's disposition. The State disagrees, arguing that the district court's immunization order is not an order of disposition because it did not deal with the physical placement or custody of the children but instead related to the children's medical care.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

K.S.A. 2016 Supp. 38-2273(a) allows a party to appeal from "any order of . . . disposition." Kansas appellate courts have consistently held that the word "disposition" is a term of art within the Code. See *In re N.A.C.*, 299 Kan. at 1116; *In re A.S.*, 52 Kan. App. 2d 173, 175, 364 P.3d 1203 (2015). A disposition order under K.S.A. 2016 Supp. 38-2255 and K.S.A. 2016 Supp. 38-2256 is "an order made within 30 days of adjudication that determines placement of the child or any other order entered during the process of managing the child's placement until the order terminating parental rights is entered." 52 Kan. App. 2d at 176 (citing *In re N.A.C.*, 299 Kan. at 1120). Although the directive was included within the order of disposition, the district court's order that the children be immunized was not itself an order addressing the children's physical placement. This conclusion is bolstered by the fact that the court held a later hearing to put Mother on notice and allow her an opportunity to be heard on the issue of immunization. To that end, Mother submitted a written explanation detailing her objections to immunizing the children, and Mother was afforded an opportunity at the hearing to present additional argument. At the conclusion of the hearing, the court

3

ordered that the children be immunized pursuant to K.S.A. 2016 Supp. 38-2217(a)(3)(D). And it is from this order that Mother appeals.

The plain and unambiguous language of K.S.A. 2016 Supp. 38-2273(a) allows a party to appeal only from an order of disposition. See *In re N.A.C.*, 299 Kan. 1100, Syl. ¶ 3 ("If an order in a child in need of care case does not fit within these five categories, it is not appealable."). Because the court's order requiring the children be immunized does not fit within these five categories, this court has no jurisdiction over Mother's appeal.

Dismissed for lack of jurisdiction.